STATE v. T. POLK.

*Trial—Practice where demurrer is overruled—Appeal.*

1. Upon overruling a demurrer to an indictment, the court should require the defendant to plead, and then proceed with the trial to verdict and judgment.

2. An appeal does not lie from an interlocutory judgment in a criminal action.

(*State* v. *Bailey*, 65 N. C., 426; *State* v. *Pollard*, 83 N. C., 597; *State* v. *McDowell*, 84 N. C., 798, cited and approved.)

INDICTMENT for an assault tried at Spring Term, 1884, of WARREN Superior Court, before *Avery, J.*

The defendant was indicted in the inferior court of Warren county for a simple assault and battery, committed within one mile of the court house in Warrenton, where and while that court was sitting. He *demurred* to the indictment, alleging as grounds of demurrer that the court had no jurisdiction of the offence charged.

The court overruled the demurrer, but gave no other judgment, and the defendant appealed to the superior court.

The latter court affirmed the judgment of the inferior court, and the defendant appealed to this court.

*Attorney-General,* for the State.
No counsel for the defendant.

MERRIMON, J. The appeal from the judgment of the inferior court was improperly taken. An appeal in a case like this lies only from a final judgment. The judgment of that court overruling the demurrer was simply interlocutory, and did not in any way determine the action. The court ought to have required the defendant to plead to the indictment and proceed with the trial to verdict and judgment. If the verdict of the jury had been adverse to the defendant, he might then have moved in arrest of judgment, and thus have raised every objection to the indictment, including that to the jurisdiction, that the demurrer could enable him to make.

If his motion in arrest of judgment had been denied and judgment given against him, then he might have appealed to the superior court, taking up all questions of law raised by his exceptions and the record, and if the judgment of the latter court upon such appeal, had been adverse to him, then he might properly have appealed to this court. *State v. Bailey,* 65 N. C., 426 ; *State v. Pollard,* 83 N. C., 507 ; *State v. McDowell,* 84 N. C., 798.

The superior court ought, for the reasons above stated, to have dismissed the appeal, and the inferior court ought then to have required the defendant to plead to the indictment as we have indicated in this opinion. That is the course yet to be taken.

This appeal was improperly taken, and must be dismissed.

Appeal dismissed.