## STATE v. E. A. ROOKS.

(Filed 31 October, 1934.)

**1. Criminal Law L g—Defendant is entitled to appeal only from conviction or final judgment of Superior Court.**

Appeals in criminal cases are controlled by statute, C. S., 4650, and a defendant is entitled to appeal only from conviction in the Superior Court or some final judgment thereof, and an appeal from an order of the Superior Court remanding the case to the recorder's court will be dismissed.

**2. Statutes A a—Statute may be declared unconstitutional only in exercise of judicial power properly invoked.**

An act of the General Assembly may be declared unconstitutional by the courts only in the exercise of judicial power properly invoked, and an order of the Superior Court remanding a case to the recorder's court *ex mero motu,* which cause had been transferred by the recorder's court to the Superior Court in accordance with statute (ch. 115, Public Laws of 1929) will be stricken out on appeal.

APPEAL by defendant from *Parker, J.,* at September Term, 1934, of CRAVEN.

Criminal warrant charging the defendant with carrying a concealed weapon and with an assault, sworn out before a justice of the peace, and bound over to the recorder's court of Craven County.

Upon demand by the defendant for a jury trial, the cause was transferred by the recorder to the Superior Court of Craven County pursuant to chapter 115, Public Laws 1929, which amends the law in regard to the recorder's court of Craven County and provides, *inter alia,* that upon demand being made for a jury trial in the recorder's court of said

county, the cause shall be transferred to the Superior Court of Craven County, to the end that it may there be heard before a jury.

When the case was reached at the September Term, 1934, the Superior Court, of its own motion, ordered the cause remanded to the recorder's court for trial. From this order the defendant gave notice of appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Warren & Warren for defendant.*

STACY, C. J., after stating the case: The appeal must be dismissed as unavailing to the defendant in the present state of the record. *S. v. Polk,* 91 N. C., 652.

It is provided by C. S., 4650, that the defendant shall have the right to appeal in case of "conviction in the Superior Court for any criminal offense," etc. Appeals in criminal cases are controlled by the statutes on the subject; and it was said in *S. v. Webb,* 155 N. C., 426, 70 S. E., 1064, "that an ordinary statutory appeal will not be entertained except from a judgment on conviction, or some judgment in its nature final." *S. v. Lyon,* 93 N. C., 575; *S. v. Hinson,* 82 N. C., 540; *S. v. Jefferson,* 66 N. C., 309; *S. v. Bailey,* 65 N. C., 426; *William Biggs, ex parte,* 64 N. C., 202.

We may add, however, that it is not after the practice of the courts, *ex mero motu,* to declare acts of the General Assembly void or unconstitutional. It is only in the exercise of judicial power, properly invoked, that such action is taken. *Blackmore v. Duplin County,* 201 N. C., 243, 159 S. E., 354; *McPherson v. Motor Sales Corp., Ib.,* 303, 160 S. E., 283; *Poore v. Poore, Ib.,* 791, 161 S. E., 532; *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481.

The order of remand, therefore, should be stricken out.

Appeal dismissed.