STATE v. W. B. BLADES AND J. V. BLADES.

(Filed 11 December, 1935.)

**Criminal Law L g—Appeal to Supreme Court in criminal prosecution will lie only from final judgment.**

The right to appeal to the Supreme Court is wholly statutory, and a defendant in a criminal prosecution may appeal only from a conviction in the Superior Court, or from some judgment of that court that is final in its nature, C. S., 4650, and an appeal from the denial of defendant's plea in abatement will be dismissed as being an appeal from an interlocutory judgment.

APPEAL by defendants from *Barnhill, J.,* at Spring Term, 1935, of PAMLICO. Appeal dismissed.

The defendants were indicted at the November Term, 1934, of the Superior Court of Pamlico County for certain offenses under the State banking laws.

At the Spring Term, 1935, defendants filed a plea in abatement on the ground that the defendants were residents of Craven County, and that the offenses charged, if committed at all, were not committed in Pamlico County, and on the further ground that as to two other bills of indictment, charging the defendants with the commission of the same offenses, pleas in abatement had been sustained at the Spring Term, 1934, of the Superior Court of Pamlico County.

From an order denying the plea in abatement defendants appealed.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*R. E. Whitehurst and Ward & Ward for defendants.*

DEVIN, J. The right of appeal to this Court is wholly regulated by statute, and there is none which gives a defendant in a criminal action

the right to appeal from an interlocutory judgment. *S. v. McDowell,* 84 N. C., 799.

The statute, C. S., 4650, provides that "in all cases of conviction in the Superior Court for any criminal offense the defendant shall have the right of appeal."

In *S. v. Webb,* 155 N. C., 426, *Hoke, J.,* thus states the law: "It would lead to interminable delay and render the enforcement of the criminal law well-nigh impossible if an appeal were allowed from every interlocutory order made by a judge or court in the course of a criminal prosecution, or from any order except one in its nature final. Accordingly, it has been uniformly held with us, as stated, that an ordinary appeal will not be entertained except from a judgment on conviction or some judgment in its nature final." *S. v. Rooks,* 207 N. C., 275.

C. S., 638, provides a different rule for civil appeals.

The ruling of the court below, denying defendant's plea in abatement, was an interlocutory judgment, and from this there was no right of appeal.

Appeal dismissed.