### STATE v. L. F. COX.

(Filed 19 April, 1939.)

**Criminal Law § 68c—Defendant may appeal to the Supreme Court only from final judgment.**

After defendant's appeal to the Superior Court had been docketed, the county court attempted to modify its judgment. conditioned upon the appeal being withdrawn, and thereafter the Superior Court remanded the case to the county court with provision that either the State or defendant might appeal. Upon trial in the county court after remand, the State appealed from judgment entered upon defendant's plea of *nolo contendere*. Thereafter the Superior Court entered an order striking out the order remanding the case and restored the case to the docket for trial *de novo*. From this last order the defendant appealed to the Supreme Court. *Held:* In a criminal prosecution an appeal will lie to the Supreme Court only from a judgment on conviction or some judgment in its nature final, C. S., 4650, and the order appealed from is interlocutory and the appeal therefrom is dismissed.

APPEAL by defendant from *Armstrong, J.,* at November Term, 1938, of ROWAN.

Criminal prosecution tried upon warrant charging the defendant with the unlawful possession of certain gambling devices, to wit, slot machines and tip books.

The case was tried 28 July, 1938, in the Rowan county court, and there resulted in conviction and sentence. The defendant gave notice of appeal to the Superior Court. On 2 September, and after the appeal had been docketed in the Superior Court, the court of first instance attempted to modify its judgment, conditioned upon the appeal being withdrawn.

At the September Term, 1938, Rowan Superior Court, due to "some difference of opinion as to just what had occurred in the county court," an order was entered remanding the case to the county court for judg-

ment, and providing "that either the State or the defendant may appeal from the judgment." See *S. v. McKnight,* 210 N. C., 57, 185 S. E., 439.

The case was again called for trial in the county court on 17 November, 1938, at which time the defendant entered a plea of *nolo contendere.* Judgment was entered thereon, from which the State gave notice of appeal to the Superior Court. See *S. v. Nichols, ante,* 80.

At the November Term, 1938, Rowan Superior Court, an order was entered striking out the order of remand made at the September Term, as having been improvidently granted, and restoring the case to the docket for trial *de novo.*

From this order the defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Walter Murphy and Walter Woodson for defendant.*

STACY, C. J.   The procedural right of appeal in criminal cases, C. S., 4650, is slightly different—less liberal perhaps—from what it is in civil actions.   C. S., 638; *S. v. Blades,* 209 N. C., 56, 182 S. E., 714.   It was said in *S. v. Webb,* 155 N. C., 426, 70 S. E., 1064, that "an ordinary statutory appeal will not be entertained except from a judgment on conviction or some judgment in its nature final."   The order appealed from is interlocutory.   *S. v. Polk,* 91 N. C., 652.

The fragmentariness of the appeal precludes a determination of the questions sought to be presented. *Johnson v. Ins. Co., ante,* 120. Mayhap the final judgment will be acceptable without appeal. At any rate, its correctness will presently be presumed. *S. v. Rooks,* 207 N. C., 275, 176 S. E., 752.

Appeal dismissed.