STATE OF NORTH CAROLINA v. WESLEY JAY HOWARD

No. 8310SC1196

(Filed 18 September 1984)

Criminal Law § 148— new trial ordered—interlocutory order—no appeal by defendant

The trial court's order setting aside the verdict, vacating the judgment and ordering a new trial on the ground that the verdict was contrary to the weight of the evidence was interlocutory and affected no substantial right so that defendant's appeal therefrom must be dismissed.

APPEAL by defendant from *Barefoot, Judge*. Order entered 26 August 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 28 August 1984.

State v. Howard

Defendant struck and killed a bicyclist while driving on Interstate 40. A jury found him guilty of misdemeanor death by vehicle, G.S. 20-141.4, and the court entered judgment against him.

Defendant then filed a motion for appropriate relief pursuant to G.S. 15A-1414 on the grounds that (1) the State's evidence was insufficient to justify submission of the case to the jury, and (2) the verdict was contrary to the weight of the evidence. The trial court concluded that there was sufficient evidence to justify submission of the case to the jury, and it thus denied the motion to dismiss for insufficiency of the evidence. It set aside the verdict, vacated the judgment, and ordered a new trial, however, on the ground that the verdict was contrary to the weight of the evidence.

Defendant appeals from the portion of the order denying his motion for relief on the ground of insufficiency of the evidence to justify submission to the jury.

*Attorney General Edmisten, by Assistant Attorneys General Walter M. Smith and Francis W. Crawley, for the State.*

*Tharrington, Smith & Hargrove, by Wade M. Smith, Roger W. Smith, and Douglas E. Kingsbery, for defendant appellant.*

WHICHARD, Judge.

[I]n this State, no appeal in ordinary form lies in a criminal prosecution except from a judgment on conviction or on plea of guilt duly entered. (Citation omitted.) It would lead to interminable delay and render the enforcement of the criminal law well-nigh impossible if an appeal were allowed from every interlocutory order . . . in the course of a criminal prosecution, or from any order except one in its nature final. Accordingly, it has been uniformly held with us . . . that an ordinary statutory appeal will not be entertained except from a judgment on conviction or some judgment in its nature final.

*State v. Webb*, 155 N.C. 426, 430, 70 S.E. 1064, 1065-66 (1911). *See also State v. Pledger*, 257 N.C. 634, 638, 127 S.E. 2d 337, 340 (1962) ("A defendant is entitled to appeal only from a final judgment."); *State v. Inman*, 224 N.C. 531, 541, 31 S.E. 2d 641, 646

(1944), *cert. denied*, 323 U.S. 805, 89 L.Ed. 642, 65 S.Ct. 563 (1945); *State v. Cox*, 215 N.C. 458, 2 S.E. 2d 370 (1939); *State v. Hiatt*, 211 N.C. 116, 117, 189 S.E. 124, 125 (1937) ("There was no judgment on conviction, or judgment prejudicial to the defendant in its nature final. The defendant therefore had no right to appeal . . . ."); *State v. Blades*, 209 N.C. 56, 57, 182 S.E. 714, 714 (1935) ("The ruling . . . was an interlocutory judgment, and from this there was no right of appeal."); *State v. Rooks*, 207 N.C. 275, 176 S.E. 752 (1934); *State v. Black*, 7 N.C. App. 324, 328, 172 S.E. 2d 217, 220 (1970).

The Criminal Procedure Act, G.S. 15A-101 *et seq.*, did not alter the foregoing principle, which was established under statutes no longer in effect. In a case decided under that act, Judge (now Justice) Martin (Harry C.) stated: "Ordinarily in North Carolina an appeal will only lie from a final judgment. (Citations omitted.) In criminal cases, there is no appeal as a matter of right from an interlocutory order." *State v. Ward*, 46 N.C. App. 200, 203, 264 S.E. 2d 737, 739 (1980).

The statute governing review of trial court rulings on motions for appropriate relief provides: "The grant or denial of relief sought pursuant to G.S. 15A-1414 is subject to appellate review only in an appeal regularly taken." G.S. 15A-1422(b). The statute governing "regularly taken" criminal appeals provides: "A defendant who has entered a plea of not guilty to a criminal charge, and who has been found guilty of a crime, is entitled to appeal as a matter of right *when final judgment has been entered*." G.S. 15A-1444(a) (emphasis supplied).

These statutes, construed together, deny defendant the right to appeal at this juncture. Because the trial court set aside the verdict and vacated the judgment, defendant has not been convicted of any crime and no final judgment has been entered against him. He has been granted a new trial, at which he may secure acquittal or other disposition favorable to him. As the Supreme Court noted in *Cox, supra*, 215 N.C. at 459, 2 S.E. 2d at 371: "Mayhap the final judgment will be acceptable without appeal."

The ruling from which defendant appeals is interlocutory, no substantial right has been affected, and the appeal must be dismissed.

Appeal dismissed.

Judges ARNOLD and EAGLES concur.