TYSON, Judge.
 

 Gary Womack McDonald ("defendant") appeals from judgments entered after a jury found him to be guilty of: (1) assault on a female, after defendant had stipulated to the other elements of the charge of habitual misdemeanor assault ("HMA"); (2) injury to real property; and (3) resisting a public officer. Defendant also entered a guilty plea to having attained habitual felon status.
 

 I. Background
 

 On 8 November 2001, defendant went to Cheryl Rowland's ("Rowland") house to see his children. Rowland testified that she and defendant fought and defendant punched her in the nose, kicked her, and dragged her
 
 *51
 
 around the apartment. Defendant left, and Rowland called the police. Rowland filed charges against defendant for assault on a female and injury to real property. Defendant returned to Rowland's apartment in December, and she again called the police. Defendant was arrested after he attempted to flee from the police and giving them a false name.
 

 A jury found defendant guilty of assault on a female, resisting a public officer, and injury to real property. Defendant stipulated to prior convictions that established his HMA offense and pled guilty to being an habitual felon. Defendant was sentenced to 120 to 153 months and gave notice of appeal.
 

 II. Issues
 

 The issues are whether the trial court erred in: (1) using the HMA offense to enhance defendant's punishment pursuant to the Habitual Felon Act; (2) imposing a sentence of 120 to 153 months for habitual misdemeanor assault as an habitual felon, arguing he was subjected to cruel and unusual punishment under the Eighth Amendment as applied to the State through the Fourteenth Amendment; and (3) using a misdemeanor conviction of possession of cocaine as one of the underlying felonies to support his status and conviction of being an habitual felon thereby causing the indictment to be invalid as a matter of law.
 

 III. Habitual Misdemeanor Assault
 

 Defendant contends that the trial court erred in using HMA to enhance his punishment. Defendant argues that he never entered a guilty plea to nor was convicted of HMA. He asserts that he merely stipulated to attaining the status of being an habitual misdemeanor assailant.
 

 This Court has held that habitual misdemeanor assault and habitual driving while impaired can be considered as either a substantive offense or a sentence enhancement offense.
 
 State v. Vardiman,
 

 146 N.C.App. 381
 
 , 385,
 
 552 S.E.2d 697
 
 , 700 (2001),
 
 appeal dismissed,
 

 355 N.C. 222
 
 ,
 
 559 S.E.2d 794
 
 (2002),
 
 cert. denied,
 

 537 U.S. 833
 
 ,
 
 123 S.Ct. 142
 
 ,
 
 154 L.Ed.2d 51
 
 (2002) ("Habitual impaired driving ... is a substantive offense
 
 and
 
 a punishment enhancement (or recidivist, or repeat-offender) offense."). Applying the reasoning in
 
 Vardiman,
 
 this Court held that "habitual misdemeanor assault `is a substantive offense
 
 and
 
 a punishment enhancement ... offense.'"
 
 State v. Carpenter,
 

 155 N.C.App. 35
 
 , 49,
 
 573 S.E.2d 668
 
 , 677 (2002),
 
 disc. rev. denied,
 

 356 N.C. 681
 
 ,
 
 577 S.E.2d 896
 
 (2003) (quoting
 
 Vardiman,
 

 146 N.C.App. at 385
 
 ,
 
 552 S.E.2d at 700
 
 ).
 

 N.C. Gen.Stat. § 15A-928(c) (2003) states:
 

 (c) After commencement of the trial and before the close of the State's case, the judge in the absence of the jury must arraign the defendant upon the special indictment or information, and must advise him that he may admit the previous conviction alleged, deny it, or remain silent. Depending upon the defendant's response, the trial of the case must then proceed as follows:
 

 (1) If the defendant admits the previous conviction, that element of the offense charged in the indictment ... is established, no evidence in support thereof may be adduced by the State, and the judge must submit the case to the jury without reference thereto and as if the fact of such previous conviction were not an element of the offense.
 

 Here, defendant was separately indicted for assault on a female and HMA as required by N.C. Gen.Stat. § 15A-928(b) (2003). When defendant's case was called for trial, the trial court inquired of defendant whether there were any "stipulations or agreements about the habitual misdemeanor assault status" or whether the court was going to go "forward with the burden on the State to prove everything."
 

 Defense counsel confirmed an agreement and stated that defendant would stipulate to prior convictions that supplied certain elements of the HMA offense. Defense counsel further stated the sole issue for the jury was whether defendant was guilty of assault on a female. After defendant was found guilty of assault on a female, the court found defendant to be guilty of HMA.
 

 Defendant admitted the prior convictions element of the HMA offense. The jury found defendant to be guilty of assault on a
 
 *52
 
 female, the last element of the HMA charge. Defendant was properly convicted of the felony offense of HMA. The trial court correctly used this conviction as one of the underlying felonies to enhance defendant's sentence under the Habitual Felon Act.
 

 Defendant argues that N.C. Gen.Stat. § 15A-928(c) requires the trial court to arraign defendant on the special indictment and to advise defendant that he may admit, deny, or remain silent on his previous convictions. The trial court failed to specifically arraign defendant on the HMA charge and to inform him of his right to remain silent. However, this failure is not reversible error.
 

 In
 
 State v. Jernigan,
 
 the defendant was charged with habitual impaired driving and other unrelated charges.
 
 118 N.C.App. 240
 
 , 242,
 
 455 S.E.2d 163
 
 , 165 (1995). When defendant's case was called for trial, defendant stipulated to his prior convictions, as defendant did here.
 

 Id.
 

 The trial court failed to arraign defendant under N.C. Gen.Stat. § 15A-928, and Jernigan assigned error.
 

 Id.
 

 This Court held:
 

 [t]he failure to arraign the defendant ... is not always reversible error. Where there is no doubt that a defendant is fully aware of the charge against him, or is no way prejudiced by the omission of a formal arraignment, it is not reversible error for the trial court to fail to conduct a formal arraignment proceeding.
 

 Id.
 

 at 244
 
 ,
 
 455 S.E.2d at 166
 
 (internal citations omitted). In
 
 Jernigan,
 
 defense counsel stated that he: (1) fully discussed the case with his client; (2) informed him of the consequences; and (3) reaffirmed defendant's stipulation before the close of the State's evidence.
 

 Id.
 

 We held the trial court's failure to arraign defendant was not reversible error.
 

 Id.
 

 at 245
 
 ,
 
 455 S.E.2d at 167
 
 .
 

 Here, defense counsel and defendant informed the court that he admitted the prior convictions element of the HMA offense. Defense counsel stated:
 

 Your Honor, the defendant would stipulate that he has previously been convicted of five misdemeanor assaults, two of which were assault [sic] that would constitute the elements of habitual misdemeanor assault. So, the jury would be entitled to determine the case based solely on whether or not he's guilty of assault on a female.
 

 The court conducted a full inquiry to determine whether the defendant understood he was entitled to a jury trial and told defendant that if he stipulated to the prior convictions, his right to a jury trial on those issues would be waived. The court asked defendant if he knowingly and voluntarily made this decision to admit the prior convictions. Defendant responded affirmatively. The court ensured that defendant understood his admissions would enhance the crime to a felony and that it would be punished as a felony. Defendant also reaffirmed his stipulations after the close of all the evidence. On appeal, defendant does not argue that he did not understand the charges or the effect of his stipulation.
 

 Defense counsel and defendant's statements to the trial court show that defendant understood the charges against him and knowingly waived his right for the jury to determine those issues. Defendant was not prejudiced by the trial court's failure to formally arraign him pursuant to N.C. Gen.Stat. § 15A-928.
 
 Jernigan,
 

 118 N.C.App. at 244
 
 ,
 
 455 S.E.2d at 166
 
 . The trial court's failure to formally arraign defendant is not reversible error.
 

 Id.
 

 at 244
 
 ,
 
 455 S.E.2d at 167
 
 .
 

 IV. Cruel and Unusual Punishment
 

 Defendant contends that the trial court violated his Eighth and Fourteenth Amendment constitutional rights by sentencing him to 120 to 153 months for the HMA offense as an habitual felon. We disagree.
 

 Whether the Habitual Felon Act violates a defendant's Eighth and Fourteenth Amendment rights has been recently reviewed by this Court.
 
 State v. Hensley,
 

 156 N.C.App. 634
 
 ,
 
 577 S.E.2d 417
 
 ,
 
 disc. rev. denied,
 

 357 N.C. 167
 
 ,
 
 581 S.E.2d 64
 
 (2003). The trial court sentenced Hensley under the Habitual Felon Act to a term of imprisonment of a minimum of 90 months to a maximum of 117 months.
 
 Id.
 
 at 638-39, 577 S.E.2d at 419. Hensley raised an identical argument to the argument defendant presents on appeal.
 
 Id.
 
 This Court stated,
 

 defendant argues that the sentence imposed is so disproportionate to the charge
 

 *53
 

 that it results in an unconstitutional infliction of cruel and unusual punishment.... Defendant is mistaken. Only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment. Further, our Supreme Court rejected outright the suggestion that our legislature is constitutionally prohibited from enhancing punishment for habitual offenders as violations of constitutional strictures dealing with ... cruel and unusual punishment.... The sentence imposed ... under the habitual felon laws is not so grossly disproportionate so as to result in constitutional infirmity.
 

 Id.
 
 at 638-39, 577 S.E.2d at 421 (internal citations omitted).
 

 This Court reaffirmed the holding in
 
 Hensley
 
 in
 
 State v. Clifton,
 

 158 N.C.App. 88
 
 ,
 
 580 S.E.2d 40
 
 ,
 
 cert. denied,
 

 357 N.C. 463
 
 ,
 
 586 S.E.2d 266
 
 (2003). Clifton received two consecutive sentences under the Habitual Felon Act of 168 to 211 months.
 

 Id.
 

 at ___,
 
 580 S.E.2d at 42
 
 . We stated, "our Court must continue to apply the grossly disproportionate principle, remembering that only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment."
 

 Id.
 

 at ___,
 
 580 S.E.2d at 45
 
 (citations omitted). In
 
 Clifton,
 
 we held defendant's sentence was not grossly disproportionate to violate the Eighth Amendment.
 

 Id.
 

 Here, defendant received a sentence of 120 to 153 months under the Habitual Felon Act for the HMA offense. In light of the repetitive nature of defendant's offense and his lengthy criminal history, the sentence imposed was not grossly disproportionate to his crime.
 

 Id.
 

 We stated in
 
 Hensley,
 
 "[d]efendant was not sentenced for 90 to 117 months in prison because he pawned a caliper obtained by false pretenses for approximately twenty dollars. Defendant was sentenced to that term because he committed multiple felonies over a span of almost twenty years and is a[n] habitual felon."
 
 156 N.C.App. at 639
 
 , 577 S.E.2d at 421. Here, defendant was not sentenced to 120 to 153 months in prison solely because of his one assault on Rowland. Defendant was sentenced based on his history of repeated assaults, misdemeanor convictions, and his prior felony convictions, all of which occurred within a fifteen year time span. Defendant's assignment of error is overruled.
 

 V. Possession of Cocaine to Support Habitual Felon Status
 

 Defendant contends that the trial court erred in using his conviction of possession of cocaine as one of the underlying felonies to establish his status as an habitual felon and argues that punishing a misdemeanor as a felony does not make that crime a felony for purposes of the Habitual Felon Act. Pursuant to our Supreme Court's rulings in
 
 State v. Jones,
 

 358 N.C. 473
 
 ,
 
 598 S.E.2d 125
 
 ,
 
 2004 WL 1416660
 
 (June 25, 2004) (No. 591PA03) and
 
 State v. Sneed,
 

 358 N.C. 538
 
 ,
 
 599 S.E.2d 365
 
 ,
 
 2004 WL 1474576
 
 (July 1, 2004) (No. 601PA03), defendant's assignment of error is without merit.
 

 In
 
 Jones,
 
 our Supreme Court, reversing the Court of Appeals decision, concluded:
 

 Under N.C.G.S. § 90-95(d)(2), the phrase "punishable as a Class I felony" does not simply denote a sentencing classification, but rather, dictates that a conviction for possession of the substances listed therein, including cocaine, is elevated to a felony classification for all purposes. Concerning the controlled substances listed therein, the specific exceptions contained in section 90-95(d)(2) control over the general rule that possession of any Schedule II, III, or IV controlled substance is a misdemeanor.
 

 358 N.C. at ___,
 
 598 S.E.2d at
 
 128-29
 
 2004 WL 1416660
 
 ;
 
 see also Sneed,
 

 358 N.C. at 539
 
 ,
 
 599 S.E.2d at 365
 
 ,
 
 2004 WL 1474576
 
 . The Court also held, "because N.C.G.S. § 90-95(d)(2) classifies possession of cocaine as a felony, defendant's 1991 conviction for possession of cocaine was sufficient to serve as an underlying felony for his habitual felon indictment, and thus, defendant's habitual felon indictment was valid."
 
 Jones,
 
 358 N.C. at ___,
 
 598 S.E.2d at 134
 
 ,
 
 2004 WL 1416660
 
 . Defendant's assignment of error is overruled.
 

 *54
 

 VI. Conclusion
 

 Defendant failed to show the trial court erred in using the HMA offense to enhance defendant's punishment pursuant to the Habitual Felon Act or that his sentence constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments. Based on our Supreme Court's recent rulings in
 
 State v. Jones
 
 and
 
 State v. Sneed,
 
 the trial court properly sentenced defendant as an habitual felon.
 

 No Error.
 

 Judges WYNN and McGEE concur.