STATE OF NORTH CAROLINA v. MICHAEL ANTHONY STARKEY, DEFENDANT

No. COA05-1013

(Filed 18 April 2006)

**Appeal and Error— appealability—trial court's own motion for appropriate relief—writ of certiorari—habitual felon**

The State had no right to appeal from an order granting the trial court's own motion for appropriate relief vacating defendant's sentence for having attained the status of an habitual felon and sentencing defendant to a term of eight to ten months' imprisonment, and the State's petition for writ of certiorari is denied, because: (1) the State did not have a right to appeal from the underlying judgment when it did not dismiss a charge against defendant and the term of imprisonment was not unauthorized, and this appeal is not one regularly taken, N.C.G.S. § 15A-1445; and (2) the State's petition did not satisfy any of the conditions of N.C. R. App. P. 21, and the Court of Appeals declined to invoke N.C. R. App. P. 2.

Judge HUNTER concurring.

Appeal by the State from an order and judgment entered 3 February 2005 by Judge Ernest B. Fullwood in Lenoir County Superior Court. Heard in the Court of Appeals 15 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant.*

BRYANT, Judge.

The State appeals from an order entered 3 February 2005, granting the trial court's own motion for appropriate relief, vacating Michael Anthony Starkey's (defendant) sentence for having attained the status of an habitual felon and sentencing defendant to a term of eight to ten months imprisonment. For the reasons below we dismiss this appeal and deny the State's Petition for Writ of Certiorari.

*Facts and Procedural History*

On 13 September 2001, police officers stopped defendant at a driver's license checkpoint in Kinston, North Carolina. Defendant was subsequently arrested for driving while impaired and driving with a revoked license. During a search of defendant's car officers found marijuana in a balled-up piece of paper and a small plastic bag containing what was later determined to be cocaine. The plastic bag contained 0.1 grams (0.004 ounces) of cocaine, the smallest amount the laboratory at the State Bureau of Investigation can weigh.

On 25 February 2002, defendant was indicted by the Lenoir County Grand Jury for the felony offense of possession of cocaine and for having attained the status of an habitual felon. On 16 July 2002, after a trial before a jury, defendant was found to be guilty of possession of cocaine and of having attained the status of an habitual felon. Defendant was found to have three non-overlapping prior felony convictions: felonious forgery on 29 January 1992; felonious possession of stolen goods on 1 August 1992; and felonious larceny on 18 April 1995. All three are Class H felonies. In a judgment entered consistent with the jury verdicts, the trial court sentenced defendant to a term of 100 to 129 months imprisonment. On 18 May 2004, for reasons not related to the·appeal, this Court reversed defendant's convictions. *State v. Starkey,* 164 N.C. App. 414, 595 S.E.2d 815 (2004) (No. 03-454) (unpublished).

Defendant was retried at the 24 January 2005 Criminal Session of Lenoir County Superior Court before the Honorable Ernest B. Fullwood. On 27 January 2005, a jury found defendant guilty of one

count of possession of cocaine and of having attained the status of an habitual felon. The trial court subsequently found that, as an habitual felon, defendant had five prior record points and a prior record level of III. On 3 February 2005, the trial court entered a judgment consistent with the jury verdicts, sentencing defendant to a term of seventy to ninety-three months imprisonment.

Immediately after entering judgment on that sentence, the trial court, *sua sponte*, entered an order granting its own motion for appropriate relief. The trial court found that defendant's sentence as an habitual felon was grossly disproportionate in light of the mitigating factors found at sentencing and the crime committed, and was in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. The trial court vacated defendant's sentence as an habitual felon, found defendant had eleven prior record points and a prior record level of IV, and sentenced defendant to a term of eight to ten months imprisonment.

The State appeals the order granting the trial court's motion for appropriate relief. The State has also filed with this Court a Petition for Writ of Certiorari. Defendant has filed a motion to dismiss the State's appeal and a response to the State's Petition for Writ of Certiorari.

---

The dispositive issues before this Court are: (I) whether the State has a right to appeal from the entry of the order granting the trial court's motion for appropriate relief; and (II) whether this Court may grant the State's Petition for Writ of Certiorari.

*Appeal from a Motion for Appropriate Relief*

Our Supreme Court has held that "[t]he right of the State to appeal in a criminal case is statutory, and statutes authorizing an appeal by the State in criminal cases are strictly construed." *State v. Elkerson*, 304 N.C. 658, 669, 285 S.E.2d 784, 791 (1982) (citations omitted). The State argues it has a right to appeal the entry of the trial court's order granting the court's Motion for Appropriate Relief pursuant to Sections 15A-1422(b), 15A-1445(a)(1) and (a)(3)(c) of the North Carolina General Statutes.

As the State is appealing the entry of an order granting the trial court's Motion for Appropriate relief and not the judgment entered on the jury verdicts, whether or not the State has a right of appeal to this Court is controlled by Section 15A-1422 of the North Carolina

General Statutes. Pursuant to Section 15A-1422(b), the State seeks review of the trial court's grant of relief of a Motion for Appropriate Relief in an appeal regularly taken. N.C. Gen. Stat. § 15A-1422(b) (2005). Therefore, for this Court to review the trial court's grant of relief under its Motion for Appropriate Relief, the State must have a right to appeal the underlying judgment in an appeal regularly taken.

Whether an appeal by the State of criminal judgments is "regularly taken" is governed by Section 15A-1445 of the North Carolina General Statutes. *Cf. State v. Howard*, 70 N.C. App. 487, 489, 320 S.E.2d 17, 18-19 (1984) (holding N.C. Gen. Stat. § 15A-1444 governs "regularly taken" criminal appeals by defendants). Section 15A-1445 states in pertinent part:

> (a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division:
>
> > (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.
> >
> > . . .
> >
> > (3) When the State alleges that the sentence imposed:
> >
> > > . . .
> > >
> > > c. Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level[.]

N.C. Gen. Stat. § 15A-1445 (2005). The relief granted by the trial court might be considered to have effectively dismissed defendant's charge of having attained the status of an habitual felon or imposed an unauthorized prison term in light of defendant's status as an habitual felon. However, it is the underlying judgment and not the order granting this relief from which the State must have the right to take an appeal. *Howard*, 70 N.C. App. at 489, 320 S.E.2d at 18-19. The State does not argue and we do not find that the underlying judgment dismisses a charge against defendant or that the term of imprisonment imposed was not authorized. The State therefore has no right to appeal from the underlying judgment and this appeal is not one "regularly taken." This appeal must be dismissed.

*Petition for Writ of Certiorari*

Realizing it may not have a right to appeal the order of the trial court, the State has also filed a Petition for Writ of Certiorari with this Court asking us to review the trial court's order vacating the original sentence. Review by this Court pursuant to a Petition for Writ of Certiorari is governed by Rule 21 of the North Carolina Rules of Appellate Procedure. Pursuant to Rule 21, this Court is limited to issuing a writ of certiorari:

> "to permit review of the judgments and orders of trial tribunals when [1] the right to prosecute an appeal has been lost by failure to take timely action, or [2] when no right of appeal from an interlocutory order exists, or [3] for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief."

*State v. Pimental,* 153 N.C. App. 69, 76-77, 568 S.E.2d 867, 872 (quoting N.C. R. App. P. 21(a)(1)), *disc. review denied,* 356 N.C. 442, 573 S.E.2d 163 (2002). The State recognizes that its petition does not satisfy any of the conditions of Rule 21 and asks this Court to invoke Rule 2 of the North Carolina Rules of Appellate Procedure and review the trial court's order. *See* N.C. R. App. P. 2 (granting this Court the authority to suspend the rules of appellate procedure to prevent manifest injustice to a party). We decline the State's request to invoke Rule 2 and deny the State's Petition for Writ of Certiorari.

Appeal dismissed, Petition for Writ of Certiorari denied.

Judge HUDSON concurs.

Judge HUNTER concurs in a separate opinion.

HUNTER, Judge, concurring.

I agree with the State that the trial court's action in granting the motion for appropriate relief directly contradicts settled case law regarding Eighth Amendment challenges to habitual felon sentences and was therefore erroneous. *See, e.g., State v. Todd,* 313 N.C. 110, 117-19, 326 S.E.2d 249, 253-55 (1985); *State v. McDonald,* 165 N.C. App. 237, 241-42, 599 S.E.2d 50, 52-53, *disc. review denied,* 359 N.C. 195, 608 S.E.2d 60 (2004), *cert. denied,* 544 U.S. 988, 161 L. Ed. 2d 748 (2005); *State v. Clifton,* 158 N.C. App. 88, 95-96, 580 S.E.2d 40, 45-46, *cert. denied,* 357 N.C. 463, 586 S.E.2d 266 (2003);

*State v. Hensley*, 156 N.C. App. 634, 638-39, 577 S.E.2d 417, 421, *disc. review denied*, 357 N.C. 167, 581 S.E.2d 64 (2003). The majority is correct, however, that the State has no statutory right of appeal to this Court from entry of the order granting the trial court's motion for appropriate relief, and that certiorari is also unavailable. Thus, this Court is precluded from reviewing the merits of the State's position. I note, however, that this issue may be subject to review by our Supreme Court pursuant to its constitutional authority. *See* N.C. Const. art. IV, § 12, cl. 1; *State v. Allen*, 359 N.C. 425, 429, 615 S.E.2d 256, 259 (2005) (citation omitted) (the Supreme Court may " 'exercise its general supervisory authority when necessary to promote the expeditious administration of justice' ").