STATE OF NORTH CAROLINA
v.
DEVON LAMONT LEGRAND, Defendant.
No. COA06-398
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Lisa C. Glover, for the State.
Daniel F. Read for defendant-appellant.
GEER, Judge.
Defendant Devon Lamont Legrand was sentenced as a habitual felon to 107 to 138 months imprisonment for possession of cocaine and misdemeanor fleeing to elude arrest. The jury convicted defendant of felony fleeing to elude arrest, but the trial court, based upon defendant's double jeopardy argument, reduced the conviction to a misdemeanor. On appeal, despite the reduction in the level of the offense, defendant primarily argues that the trial court erred in submitting the felony charge to the jury because the evidence submitted in support of that charge prejudiced him with respect to the possession of cocaine charge. We disagree.
Based upon our review of the record, it is apparent that the evidence offered in support of the felony fleeing to elude arrestcharge would have been equally admissible to prove the misdemeanor level of the offense. As a result, any error in failing to dismiss the felony charge was harmless beyond a reasonable doubt. We find defendant's remaining arguments unpersuasive and, therefore, hold that defendant received a trial free of prejudicial error.

Facts
The State's evidence tended to show the following facts. At about 2:50 a.m. on 13 January 2004, Officer D.A. Pulliam of the Greensboro Police Department was driving in his patrol car when he noticed a car with a burned-out license plate light traveling approximately 50 miles per hour in a 35-mile-per-hour zone. The officer turned on his blue lights and subsequently his siren, but the car did not slow down. The car ran through a red light, made several turns, and failed to heed stop signs. On certain stretches of road, the chase reached speeds of 80 miles per hour.
Officer Pulliam radioed that he was involved in a vehicle pursuit and continued to follow the car. At one point, as the car attempted to negotiate a corner, the driver lost control and collided with a parked car, but still did not stop. The driver, who was the sole occupant of the car, instead drove into a residential front yard, hopped out of the car while it was still rolling, and began to run away on foot. The driver, subsequently identified as defendant, was then caught and arrested by the police.
Following the arrest, other officers who had arrived at the scene found the car doors locked. After a locksmith unlocked the doors, Officer Pulliam looked inside the car and observed a bag of crack cocaine in plain view between the center console and the driver's seat. The cocaine inside the bag weighed 8.7 grams.
On 3 May 2004, defendant was indicted for possession with intent to sell and deliver cocaine, felony fleeing to elude arrest, and attaining the status of habitual felon. Defendant was also indicted on misdemeanor charges of possession of drug paraphernalia, resisting a public officer, hit and run, speeding, reckless driving to endanger, driving while license revoked, and failing to stop at a red light. Following a trial in April 2005, in Guilford County Superior Court, the trial court dismissed the charges of drug paraphernalia possession and driving while license revoked. The jury found defendant guilty of the remaining misdemeanor charges, but deadlocked on the charges of cocaine possession and felony fleeing to elude arrest.
On 23 May 2005, the State obtained a superseding indictment on the felony fleeing to elude arrest charge, alleging four aggravating factors: (1) that defendant was traveling in excess of 15 miles per hour over the legal speed limit, (2) that defendant operated the car when his driver's license was revoked, (3) that defendant operated the car in a reckless manner, and (4) that defendant was involved in an accident that caused more than $1,000.00 in damage. Defendant was then retried in October 2005 on the charges of felony fleeing to elude arrest and possession of cocaine with intent to sell or deliver. The jury found defendant guilty of possession of cocaine, but not of possession with intent to sell or deliver. The jury also found defendant guilty of felony fleeing, specifically finding the aggravating factors of speeding, license revoked, reckless driving, and damage over $1,000.00. Defendant then pled guilty to being a habitual felon. Prior to sentencing, the trial court, based upon an earlier motion by defendant, reduced the felony fleeing conviction to misdemeanor fleeing. The court entered a consolidated judgment sentencing defendant to 107 to 138 months imprisonment. Defendant timely appealed to this Court.

I
Defendant argues that his second trial on the felony fleeing to elude arrest charge violated the constitutional prohibition against double jeopardy because the aggravating factors  arising out of the same incident  had previously been the subject of criminal offenses upon which defendant was tried and sentenced. Although defendant acknowledges that the trial court agreed with his double jeopardy argument and reduced his conviction to misdemeanor fleeing to elude arrest, defendant argues that he was prejudiced by the submission of the charge to the jury. According to defendant, "[t]he prejudicial effect of the error, however, was not the additional charge, but rather placing before the jury a body of inflammatory and ultimately irrelevant evidence about the speed, license revocation, and damage done." Defendant argues this evidence likely had an adverse effect upon the jury's deliberations with respect to the possession of cocaine charge. Under N.C. Gen. Stat. § 20-141.5(a) (2005), the crime of misdemeanor fleeing to elude arrest occurs when an individual "operate[s] a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." The crime becomes a felony "[i]f two or more . . . aggravating factors are present at the time the violation occurs . . . ." N.C. Gen. Stat. § 20-141.5(b).
Defendant argued at trial that he was subjected to double jeopardy by submission of the felony charge because at least three of the aggravating factors in the superseding indictment were identical to the misdemeanor charges that were either tried to conclusion or dismissed at the April 2005 trial. Even assuming arguendo that defendant's trial for felony fleeing, based on the challenged aggravating factors, constituted double jeopardy, the State has established that any error was harmless beyond a reasonable doubt. See N.C. Gen. Stat. § 15A-1443(b) (2005) ("A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt.").
Defendant's argument hinges on his assumption that the evidence of the aggravating factors would not have been admissible in the absence of the felony fleeing charge. We first observe that this contention is contrary to the position taken by defense counsel at trial. After moving to dismiss the felony fleeing charge, defendant's counsel agreed with the trial judge's observation that "we would have the misdemeanor charge even in the absence of [the felony charge]." When the judge explained that, in that event, "I think the State is going to be allowed to put in evidence of all the circumstances surrounding the driving," defense counsel replied, "Sure."
Even if this argument had been preserved, we agree with the trial court that the challenged evidence was admissible with respect to the misdemeanor charge. For that charge, the State was still obligated to prove that defendant was fleeing the police in order to elude arrest. Evidence that defendant traveled as much as 45 miles per hour over the speed limit, drove recklessly, and crashed into a car without stopping was relevant to whether defendant was trying to elude the police. A reasonable juror could find from this evidence that defendant was vigorously trying to escape Officer Pulliam rather than just driving down the street unaware that a police officer was trying to stop him.
With respect to any prejudice as to the possession of cocaine charge, we note that defendant never moved to sever the offenses. See N.C. Gen. Stat. § 15A-927(b)(1) (2005) (motion for severance of the offenses is appropriately granted where severance is necessary to "a fair determination of the defendant's guilt or innocence of each offense"). He instead acquiesced in a single trial on both charges. Moreover, even in the absence of the fleeing charge, the evidence would have been admissible with respect to the possession of cocaine charge. See, e.g., State v. Lane, 163 N.C. App. 495, 501, 594 S.E.2d 107, 112 (2004) (relying upon evidence that defendant fled from officer as evidence of additional incriminating circumstances supporting a conviction for constructive possession of cocaine). Accordingly, we overrule this assignment of error.

II
Defendant next argues that the trial court erred in denying his motion to dismiss the cocaine possession charge for insufficient evidence. In considering a motion to dismiss, "the trial court must determine `whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense.'" State v. Squires, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003) (quoting State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)), cert. denied, 541 U.S. 1088, 159 L. Ed. 2d 252, 124 S. Ct. 2818 (2004). Substantial evidence is such relevant evidence as a reasonable person would find adequate to support a conclusion. State v. Blake, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987). "The trial court must examine the evidence in the light most favorable to the State, granting the State every reasonable inference to be drawn from the evidence." State v. Call, 349 N.C. 382, 417, 508 S.E.2d 496, 518 (1998).
Defendant contends that there was insufficient evidence of his "possession" of the cocaine. The law regarding possession is well established:
An accused has possession of [a controlled substance] within the meaning of the Controlled Substances Act when he has both the power and intent to control its disposition. The possession may be either actual or constructive. Constructive possession of [a controlled substance] exists when the accused is without actual personal dominion over the material, but has the intent and capability to maintain control and dominion over it.
State v. Wiggins, 33 N.C. App. 291, 292-93, 235 S.E.2d 265, 267 (internal citation omitted), cert. denied, 293 N.C. 592, 241 S.E.2d 513 (1977).
This Court has recognized that the "power to control the automobile where a controlled substance was found is sufficient, in and of itself, to give rise to the inference of knowledge and possession sufficient to go to the jury." State v. Dow, 70 N.C. App. 82, 85, 318 S.E.2d 883, 886 (1984). Therefore, based on Officer Pulliam's testimony that defendant was the only occupant of the vehicle and that a bag of cocaine was found in plain view between the driver's seat and center console, a jury could reasonably infer that defendant was in possession of the cocaine.
Even if the evidence had suggested that defendant's control over the car was nonexclusive, the State submitted sufficient evidence of additional incriminating circumstances to withstand a motion to dismiss. See Lane, 163 N.C. App. at 501, 594 S.E.2d at 111 (when control of an area in which a controlled substance is found is not exclusive, constructive possession will not be inferred without evidence of other incriminating circumstances). In Lane, this Court found evidence of incriminating circumstances when the defendant was driving at a low rate of speed in a vehicle in which cocaine was ultimately found; the defendant's driving "became evasive" after an officer's patrol car approached the defendant's vehicle from behind; when the officer confronted the defendant in a parking lot, the defendant tried to get away from the officer; during the following struggle, the defendant appeared to be putting an object in his mouth; ultimately, the defendant fled; and the defendant left the vehicle locked. Id. at 501-02, 594 S.E.2d at 111-12.
The evidence in this case is materially indistinguishable. Here, defendant drove recklessly and evasively when Officer Pulliam attempted to stop him; he abandoned his car by jumping out of it while it was still moving; he further attempted to elude the police by running away on foot; the doors of his vehicle remained locked; and the bag of cocaine was readily visible to the police and  the inference may be drawn  to defendant. See also State v. Weems, 31 N.C. App. 569, 571, 230 S.E.2d 193, 194 (1976) ("[E]vidence which places an accused within close juxtaposition to a narcotic drug under circumstances giving rise to a reasonable inference that he knew of its presence may be sufficient to justify the jury in concluding that it was in his possession."). Viewing the evidence in the light most favorable to the State, we conclude that the trial court properly denied defendant's motion to dismiss.

III
Defendant's final contention is that his sentence as a habitual felon violated the Eighth Amendment's prohibition against cruel and unusual punishment. In support of this argument, defendant asserts that he was merely an addicted user of cocaine, there was no evidence that he was trafficking in cocaine, and the sentence "served no purpose with regard to treating his addiction other than locking him away." His argument is one more properly presented to the General Assembly.
"Habitual felon laws have withstood scrutiny under the Eighth Amendment to the United States Constitution in our Supreme Court and in the United States Supreme Court." State v. Cates, 154 N.C. App. 737, 741, 573 S.E.2d 208, 210 (2002) (citing Rummel v. Estelle, 445 U.S. 263, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980), and State v. Todd, 313 N.C. 110, 326 S.E.2d 249 (1985)), disc. review denied, 356 N.C. 682, 577 S.E.2d 897, cert. denied, 540 U.S. 846, 157 L. Ed. 2d 84, 124 S. Ct. 121 (2003); see also State v. Quick, 170 N.C. App. 166, 170, 611 S.E.2d 864, 867 (2005) ("[N]othing in the Eighth Amendment prohibits our legislature from enhancing punishment for habitual offenders."). Indeed, "[o]nly in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." State v. Ysaguire, 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983).
Defendant here fails to show that his sentence of 107 to 138 months is either "exceedingly unusual" or "grossly disproportionate." Indeed, this Court has previously upheld a 14-year sentence for possession of cocaine when the defendant was a habitual felon. See State v. Hodge, 112 N.C. App. 462, 468, 436 S.E.2d 251, 255 (1993). See also State v. Hensley, 156 N.C. App. 634, 639, 577 S.E.2d 417, 421 (holding that sentence, under habitual felon statute, of 90 to 117 months did not offend Eighth Amendment even though triggering felony involved pawning a tool for twenty dollars), disc. review denied, 357 N.C. 167, 581 S.E.2d 64 (2003). Whether this is good public policy is a question for the legislature.
In a citation of additional authority, defendant directs our attention to State v. Starkey, ___ N.C. App. ___, 628 S.E.2d 424, cert. denied, ___ N.C. ___, 636 S.E.2d 196 (2006). In Starkey, the State attempted to appeal a superior court's decision sua sponte granting its own motion for appropriate relief and vacating, pursuant to the Eighth Amendment, a defendant's sentence as a habitual felon for possession of .004 ounces of cocaine. Because this Court held that the State had no right to appeal the superior court's decision and additionally refused to grant the State's petition for writ of certiorari, the Court never addressed the merits of the Eighth Amendment issue. Starkey, therefore, provides no authority for disturbing defendant's sentence as a habitual felon. Accordingly, given Hodge, we decline to find that defendant's sentence violates the Eighth Amendment.
No error.
Judges LEVINSON and JACKSON concur.
Report per Rule 30(e).