STATE OF NORTH CAROLINA v. RANDY WILLIAMS

No. 849SC652

(Filed 2 April 1985)

**Criminal Law § 14— car stolen in North Carolina—defendant arrested in car in District of Columbia—no evidence of possession in North Carolina**

   In a prosecution for felonious possession of stolen property, the trial court lacked jurisdiction where the evidence showed only that an automobile was stolen in North Carolina and defendant was arrested while driving that automobile later that evening in Washington, D.C. There was no evidence to support a conclusion that defendant possessed the car in North Carolina. G.S. 15A-134.

APPEAL by defendant from *Clark, Judge.* Judgment entered 13 March 1984 in Superior Court, Vance County. Heard in the Court of Appeals 13 February 1985.

Defendant was charged in a bill of indictment for felonious larceny of an automobile and for felonious possession of stolen property. The evidence showed that: On 5 October 1983, a blue Chevrolet Citation was stolen from Henderson Honda in Henderson, North Carolina. There is no indication as to the circumstances surrounding the taking of the automobile. Later that evening, defendant Williams was arrested in Washington, District of Columbia, for driving without a D.C. permit. It was later discovered that the defendant was driving the same automobile stolen from Henderson Honda. Williams denies having any knowledge of the theft and insists that he received the car from a female friend.

The State did not produce any evidence contradicting the defendant's denial of the offense. The jury found the defendant not guilty of felonious larceny and guilty of felonious possession of stolen property. Defendant appeals alleging that: (1) the trial court lacked jurisdiction to try or convict him; (2) that the trial court deprived him of his right to counsel by permitting defense counsel to withdraw and allowing him to proceed *pro se* without ascertaining if he knowingly waived his right to counsel; and (3) the court erred in failing to instruct the jury of the lesser included offense of unauthorized use of a motor conveyance.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Tiare B. Smiley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for the defendant-appellant.*

JOHNSON, Judge.

The first issue to be addressed is whether North Carolina had jurisdiction to prosecute and convict the accused for the felonious possession of stolen property when there is no evidence that the offense occurred partly or wholly within the state.

It is well settled law that an act must have occurred within the territorial boundaries of the state to be punishable as a crime in the state. *State v. Jones,* 227 N.C. 94, 40 S.E. 2d 700 (1946). There are few exceptions to this rule. However, prosecution may occur in conspiracy cases when the offense is executed inside the state but formed outside the state. *State v. Overton,* 60 N.C. App. 1, 36, 298 S.E. 2d 695, 716 (1982), *disc. rev. denied,* 307 N.C. 581, 299 S.E. 2d 653 (1983). Similarly, G.S. 15A-134, allows the prosecution of offenses which occur partly within state boundaries. The instant case does not fall within any of these exceptions.

There was no evidence presented which showed that the defendant possessed the stolen vehicle in North Carolina. The evidence only established that defendant Williams had possession of the car in the District of Columbia. The State contends that under the principles enunciated in *State v. Batdorf,* 293 N.C. 486, 238 S.E. 2d 497 (1977), it made a prima facie showing of jurisdiction based on inferences sufficient for the jury to infer that the defendant possessed the car in North Carolina. We cannot accept the State's argument that the jury could have inferred, under the facts and circumstances, that the defendant took possession of the motor vehicle in North Carolina and drove it to the District of Columbia. We find *Batdorf* clearly distinguishable from the case at bar.

In *Batdorf,* the State presented the following evidence as support that the crime occurred in North Carolina: (1) the murder weapon was concealed in North Carolina and recovered in North Carolina; (2) the victim's body was discovered in North Carolina; and (3) the materials with which the victim's body was bound and

weighted came from the North Carolina home of the defendant's girlfriend. These facts were undisputed and the Court held that these facts made out a prima facie showing of jurisdiction sufficient to carry the question to the jury.

In the case at bar, the State did not produce any evidence to support a conclusion that the defendant possessed the car in North Carolina. The bare fact that defendant possessed the car in the District of Columbia a few hours after its theft, without any supporting evidence is not sufficient to establish a prima facie showing of jurisdiction to warrant its submission to the jury. The ruling in *Batdorf* does not allow inferences to be drawn so broadly without more substantiating evidence. There is not a rational connection between the defendant's possession of the stolen vehicle in Washington and the inference which the jury would be allowed to draw, that being the defendant possessed the car in North Carolina, to meet due process standards. *State v. Batdorf, supra.*

Since there are no acts or evidence indicating that the offense occurred wholly or partly within our sovereignty, the decision of the trial court must be reversed. In view of this decision, there is no need to address the defendant's second and third assignments of error.

Reversed.

Chief Judge HEDRICK and Judge COZORT concur.