STATE v. DRAKEFORD

[104 N.C. App. 298 (1991)]

STATE OF NORTH CAROLINA v. MOSES DRAKEFORD

No. 9010SC1168

(Filed 15 October 1991)

1. **Criminal Law § 61 (NCI4th)— conspiracy—Maryland resident— jurisdiction of North Carolina court**

   The trial court had jurisdiction to try defendant for conspiracy to traffic in cocaine by transportation where the evidence tended to show that an undercover officer arranged to purchase over four hundred grams of cocaine from a Wake County dealer; the dealer made telephone calls from Wake County to defendant at his home in Maryland and told him that he wanted to obtain a quantity of cocaine; the dealer met defendant at his home in Maryland and the two of them went to New York, where defendant arranged a purchase of cocaine; the dealer agreed to split the profit with defendant upon sale of the cocaine; and the dealer returned to North Carolina and sold the cocaine to the undercover officer. The dealer committed numerous overt acts in furtherance of a common design in North Carolina, and each time acts in furtherance of the common design occurred, the conspiracy was continued and renewed as to all members of the conspiracy.

   **Am Jur 2d, Conspiracy § 21.**

   **Jurisdiction to prosecute conspirator who was not in state at time of substantive criminal act, for offense committed pursuant to conspiracy. 5 ALR3d 887.**

2. **Criminal Law § 60 (NCI4th)— jurisdiction of conspiracy— instruction on burden of proof not required**

   The trial court did not err in failing to instruct the jury that the State had the burden of proving beyond a reasonable doubt that North Carolina had jurisdiction over the offense of trafficking in cocaine where the State proved beyond a reasonable doubt that the conspiracy occurred within the boundaries of North Carolina pursuant to telephone calls between Wake County, North Carolina and defendant's home in Maryland.

   **Am Jur 2d, Conspiracy §§ 21, 39.**

STATE v. DRAKEFORD

[104 N.C. App. 298 (1991)]

APPEAL by defendant from Battle (F. Gordon), Judge. Judgment entered 18 April 1990 in Superior Court, WAKE County. Heard in the Court of Appeals 16 September 1991.

Defendant was charged in proper bills of indictment with conspiracy to traffic in cocaine by transporting 400 or more grams of cocaine in violation of G.S. 90-98 and 90-95(h).

The evidence. at trial tends to show the following: Richard Johnson, an undercover police officer, met with David Simpkins, an alleged cocaine dealer from Wake County, to negotiate the purchase of more than 400 grams of cocaine. After meeting with Johnson, Simpkins called defendant Moses Drakeford at his home in Maryland. Simpkins testified that he told Drakeford he wanted "a quantity" of cocaine. Simpkins testified that defendant told him "to come up to Maryland, and they would see what they could do." Simpkins left Wake County to meet defendant in Maryland. Upon arriving in Maryland, Simpkins phoned defendant to find out where he lived. Defendant met Simpkins and they proceeded to defendant's home. After making some phone calls, defendant and Simpkins left for New York. When the two arrived in New York, defendant went into a store, then came out and asked Simpkins for the money. Defendant took the money, went back into the store, and came out again. Defendant told Simpkins to walk across the street and pick up the package of cocaine. After receiving the cocaine, the men departed New York for Maryland. On the return trip, Simpkins told defendant that "if we sold it, I would split the profit with him." When the men arrived at defendant's home in Maryland, Simpkins left immediately for North Carolina. Upon arrival in North Carolina, Simpkins sold the cocaine to undercover agent Johnson and was arrested.

Approximately two years later, defendant was charged with conspiracy to traffic in cocaine by transporting more than 400 grams. The jury found defendant guilty of the charge. From a judgment imposing a prison sentence of thirty-five years, defendant appealed.

Attorney General Lacy H. Thornburg, by Assistant Attorney General D. David Steinbock, for the State.

George E. Kelly, III, for defendant, appellant.

HEDRICK, Chief Judge.

[1] Defendant first contends the trial court erred in denying his motion to dismiss since the trial court lacked jurisdiction to try him for conspiracy. Defendant argues that the evidence at trial did not show defendant agreed, or had knowledge or intent that cocaine be transported into North Carolina.

"Our courts have jurisdiction of a prosecution for criminal conspiracy, if any one of the conspirators commits within the State an overt act in furtherance of a common design, even though the unlawful conspiracy was entered into outside the State. The rationale of this principle of law is that the conspiracy is held to be continued and renewed as to all its members wherever and whenever any member of the conspiracy acts in furtherance of the common design." *State v. Goldberg*, 261 N.C. 181, 203, 134 S.E.2d 334, 349 (1964).

While there is no direct evidence that defendant Drakeford expressly agreed to commit the crime of trafficking cocaine, there is sufficient circumstantial evidence in the form of a pin register showing the telephone calls to defendant by Simpkins while he was in Wake County; testimony by Simpkins to create a reasonable inference that Drakeford knew of Simpkins' desire to obtain cocaine and testimony there was an implied understanding that if Simpkins drove to Maryland, defendant would procure the cocaine for resale in North Carolina.

In the present case, the evidence is plenary to establish that a conspiracy existed between defendant and Simpkins. Simpkins committed numerous overt acts in furtherance of a common design in the State of North Carolina. Each time acts in furtherance of the common design occurred, the conspiracy was continued and renewed as to all members of the conspiracy. Thus, defendant's contention concerning lack of jurisdiction is meritless.

[2] Defendant next contends the trial court erred in failing to instruct the jury that the State had the burden of proving beyond a reasonable doubt that North Carolina had jurisdiction over the offense. Defendant argues that because jurisdiction was in issue and the trial court refused to instruct on the State's burden of proof on this issue that the trial court committed reversible error. We disagree.

STATE v. DRAKEFORD

[104 N.C. App. 298 (1991)]

Defendant relies on *State v. Batdorf*, 293 N.C. 486, 238 S.E.2d 497 (1977). This case held that when jurisdiction is challenged, the State must prove beyond a reasonable doubt that North Carolina has jurisdiction to try the accused. Defendant argues the evidence is insufficient to carry the case to the jury on the question of jurisdiction. We reject this argument.

In *Batdorf*, the Supreme Court placed the burden upon the State of proving beyond a reasonable doubt that the crime with which the accused is charged occurred in North Carolina. *Id.* at 494, 238 S.E.2d at 502. We find the facts in *Batdorf* distinguishable. In *Batdorf*, the only evidence presented by the State that a murder occurred in North Carolina was that a body was found in the State. The defendant challenged the State's evidence and testified that the murder occurred in some State other than North Carolina. The court held that the State had not met its burden of proof to show the crime occurred within the State. In the present case, the State presented sufficient evidence to show that a conspiracy occurred within the territorial limits of this State's jurisdiction. *Cf. State v. Darroch*, 305 N.C. 196, 287 S.E.2d 856 (1982), *cert. denied*, 457 U.S. 1138.

In the present case, the principal concern is where the offense occurred not where the defendant's acts occurred. The State has made a *prima facie* case of jurisdiction based on evidence sufficient for the jury to infer that defendant conspired with Simpkins to procure drugs by telephone calls between Maryland and North Carolina. It is clear from the testimony and pin register evidence that the actual conspiracy occurred in the State of North Carolina. There is plenary evidence to show North Carolina has jurisdiction to try this case. By the evidence presented, the State proved beyond a reasonable doubt that the crime occurred within its boundaries. Had the evidence been challenged as in *Batdorf*, and the State had not proven beyond a reasonable doubt that the crime occurred within its boundaries, then a special instruction as to jurisdiction would be warranted. However, this is not the case. The evidence makes a *prima facie* showing of jurisdiction sufficient to carry to the jury without need of a special jury instruction. Defendant's argument is meritless.

Defendant had a fair trial free from prejudicial error.

WALTZ v. WAKE COUNTY BD. OF EDUCATION

[104 N.C. App. 302 (1991)]

No error.

Judges ARNOLD and PHILLIPS concur.