STATE OF NORTH CAROLINA v. WILBERT DONNELL QUICK

No. COA04-365

(Filed 3 May 2005)

**1. Appeal and Error— appealability—nolo contendere plea— no motion to withdraw plea—failure to petition for writ of certiorari**

Defendant's appeal in a possession of cocaine case of those assignments of error not related to the sentence imposed at trial are dismissed, because: (1) a defendant who has entered a plea of nolo contendere is not entitled to appellate review as a matter of right unless defendant is appealing sentencing issues or the denial of a motion to suppress, or defendant has made an un-

successful motion to withdraw the no contest plea; (2) defend-
ant has not made a motion to withdraw the no contest plea;
and (3) as to appeal of other issues, defendant must petition the
Court of Appeals for review by writ of certiorari which defend-
ant failed to do.

## 2. Sentencing— prior record level—failure to prove prior convictions

The trial court erred in a possession of cocaine case by
sentencing defendant as a prior record level III offender based
on prior convictions which were not proven at trial, and the
judgment is vacated and remanded to the superior court for
resentencing.

## 3. Sentencing— habitual felon—constitutionality

Defendant's habitual felon sentence is constitutional and
does not violate the Eighth Amendment prohibition against cruel
and unusual punishment, because: (1) our habitual felon statute
is the result of a deliberate policy choice by the legislature that
those who repeatedly commit felonious criminal offenses should
be segregated from the rest of society for an extended period of
time; and (2) nothing in the Eighth Amendment prohibits our leg-
islature from enhancing punishment for habitual offenders.

Appeal by defendant from judgment entered 5 November 2003 by
Judge Henry W. Hight, Jr., in Wake County Superior Court. Heard in
the Court of Appeals 2 December 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney
General William P. Hart, for the State.*

*Anne Bleyman for the defendant-appellant.*

TIMMONS-GOODSON, Judge.

Wilbert Donnell Quick ("defendant") appeals his convictions of
possession of cocaine and attaining habitual felon status. For the rea-
sons stated herein, we dismiss the appeal in part, vacate defendant's
habitual felon sentence and remand this case for resentencing.

The State's evidence presented at trial tends to show the follow-
ing: On or around 1 January 2003, police officers in Raleigh, North
Carolina, went to the residence of Erin Walls in response to a call
from defendant's sister expressing concern about defendant's welfare

**STATE v. QUICK**

[170 N.C. App. 166 (2005)]

and possible drug activity. Walls granted the police permission to search his apartment. Each person present, including defendant, consented to be searched. A search of defendant and the area nearby disclosed drug paraphernalia and a small amount of crack cocaine.

Defendant was arrested for possession of cocaine. On 24 February 2003, the Wake County grand jury indicted defendant for possession of cocaine and attaining habitual felon status. Pursuant to a plea agreement, defendant subsequently entered a plea of *nolo contendere* to both charges. The plea agreement provided that defendant would be sentenced to 70-93 months imprisonment. The trial court accepted defendant's plea, and defendant stipulated to the State's presentation of the facts that gave rise to his arrest. Defendant further stipulated that he plead guilty to three prior felony charges, which were used by the State to prove defendant's habitual felon status. The trial court entered judgment on defendant's plea, and in accordance with the terms of the plea agreement, sentenced defendant to 70-93 months imprisonment, with credit for 274 days served while defendant awaited trial. It is from this judgment and sentence that defendant appeals.

The issues presented on appeal are (1) whether the charge of possession of cocaine was sufficient to trigger an indictment for attaining habitual felon status; (2) whether the trial court erred by allowing an amendment of the habitual felon indictment at trial; (3) whether defendant's prior record level sentencing was supported by the evidence; and (4) whether defendant's habitual felon sentence is unconstitutional.

[1] At the outset we note that a defendant who has entered a plea of *nolo contendere* is not entitled to appellate review as a matter of right unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the no contest plea. N.C. Gen. Stat. § 15A-1444(a1), (a2), (e) (2003). To appeal other issues, the defendant must petition this Court for review by writ of certiorari.

In the present case, our review of the record on appeal indicates that defendant has not made a motion to withdraw the no contest plea. We also note that defendant has not petitioned this Court for writ of certiorari. Thus, we dismiss defendant's appeal as to those assignments of error not related to the sentence imposed at trial. We limit our review of this case to defendant's sentencing issues, which are the only issues properly before this Court.

**[2]** To that end, we move to defendant's argument that his prior record level calculation was not supported by the evidence. G.S. 15A-1340.13(b) provides, that "[b]efore imposing a sentence, the court shall determine the prior record level for the offender pursuant to G.S. 15A-1340.14." N.C. Gen. Stat. § 15A-1340.13(b) (2003). G.S. 15A-1340.14(a) instructs, "The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court finds to have been proved in accordance with this section." N.C. Gen. Stat. § 15A-1340.14(a) (2003). As detailed in G.S. 15A-1340.14(f),

> A prior conviction shall be proved by any of the following methods:
>
> (1) Stipulation of the parties.
>
> (2) An original or copy of the court record of the prior conviction.
>
> (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
>
> (4) Any other method found by the court to be reliable.
>
> The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists.

N.C. Gen. Stat. § 15A-1340.14(f)(1)-(4) (2003); *see also* N.C. Gen. Stat. § 14-7.4 (2003). G.S. 14-7.6 prohibits the use of the convictions used to establish a defendant's status as habitual in determining his prior record level. N.C. Gen. Stat. § 14-7.6 (2003).

Though defendant did enter his plea of *nolo contendere* pursuant to a plea agreement, which provided for a specific sentence at the lowest end of the mitigated range of sentences, that sentence must still be authorized by G.S. 15A-1340.17 for the class of offense and prior record level. In the present case, defendant's prior record level worksheet lists eight prior convictions. Of these eight convictions, three of them were used by the trial court to establish defendant's habitual felon status: one count of common law robbery, one count of larceny of chose in action, and one count of assault with a deadly weapon with intent to kill inflicting serious injury. Defendant stipulated to these three convictions during the entry of plea. The remaining five crimes were used to calculate defendant's prior record level.

Significantly, however, with the exception of the 1982 conviction of crimes against nature, which was initially used to charge defendant with attaining habitual felon status, the record is devoid of any proof of the remaining five prior convictions. The State failed to prove any of the convictions as required by G.S. 15A-1340.14(f). We, therefore, conclude that the trial court erred by sentencing defendant as a prior record level III offender, based on these prior convictions which were not proven at trial. Accordingly, we must vacate the trial court's judgment and remand this matter to the superior court for resentencing. At that time, the State may make a proper showing of defendant's prior convictions, which were not used in charging him as an habitual felon.

[3] Defendant next argues that his habitual felon sentence is cruel and unusual punishment in violation of his Eighth Amendment rights. We disagree.

Our Supreme Court has rejected Eighth Amendment challenges to "legislation which is designed to identify habitual criminals and which authorizes enhanced punishment." *State v. Todd*, 313 N.C. 110, 119, 326 S.E.2d 249, 254 (1985). In *Todd*, the Supreme Court stated, " 'only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment.' " *Id.* (quoting *State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983)).

Our habitual felon statute is the result of a deliberate policy choice by the legislature that those who repeatedly commit felonious criminal offenses should be segregated from the rest of society for an extended period of time. *State v. Aldridge*, 76 N.C. App. 638, 640, 334 S.E.2d 107, 108 (1985) (quoting *Rummel v. Estelle*, 445 U.S. 263, 284, 63 L. Ed. 2d 382, 397 (1980)). "This segregation *and its duration* are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Id.* Moreover, nothing in the Eighth Amendment prohibits our legislature from enhancing punishment for habitual offenders. For these reasons, we conclude that defendant's habitual felon sentence is not unconstitutional.

Having considered all of defendant's assignments of error properly brought forward, we dismiss defendant's appeal on the entry of his plea, but vacate the judgment of the trial court and

remand this matter for resentencing proceedings not inconsistent with this opinion.

DISMISSED in part, VACATED in part, and REMANDED.

Judges TYSON and GEER concur.