STATE OF NORTH CAROLINA v. GEORGE OLIVER FREEMAN

No. COA06-1502

(Filed 21 August 2007)

**1. Criminal Law— establishing crime occurred in North Carolina—circumstantial evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession of cocaine based on an alleged failure to establish the crime occurred in the State of North Carolina, because: (1) an act must have occurred within the territorial boundaries of the state to be punishable as a crime in the state; (2) although there was no testimony that explicitly stated the crime occurred in Charlotte, Mecklenburg County, North Carolina, defendant was indicted by a Mecklenburg County, North Carolina grand jury; the crime was investigated and defendant was arrested by the Charlotte-Mecklenburg Police Department; a North Carolina identification card was seized during defendant's arrest; a forensic chemist employed by the Charlotte-Mecklenburg Police Crime Lab performed the analysis on pills in a bottle dropped by defendant and determined them to be cocaine; and a Charlotte-Mecklenburg police property sheet accompanied the sealed package containing the pills; and (3) defendant did not object to any of this testimony, and when viewed as a whole, the circumstantial evidence presented in this case, together with the reasonable inferences which could be properly drawn therefrom, was sufficient for the jury's consideration and determination.

**2. Appeal and Error— preservation of issues—failure to argue**

Although defendant contends the trial court erred by denying his motion to dismiss the charge of possession of cocaine based on alleged insufficiency of the evidence, this assignment of error is dismissed because: (1) defendant's motions to dismiss were based specifically on his contention that the State failed to prove that the crime allegedly occurred in North Carolina; and (2) the Court of Appeals will not consider arguments based upon matters not presented to or adjudicated by the trial court.

**3. Appeal and Error— preservation of issues—failure to object—plain error analysis inapplicable**

Although defendant contends his Eighth Amendment right against cruel and unusual punishment was violated in a posses-

STATE v. FREEMAN

[185 N.C. App. 408 (2007)]

sion of cocaine case based on the fact that his sentence was grossly disproportionate to the severity of the crime, this assignment of error is dismissed, because: (1) defendant did not object, and constitutional arguments will not be considered for the first time on appeal; and (2) although defendant assigns plain error to this issue, plain error analysis applies only to instructions to the jury and evidentiary matters.

## 4. Evidence— officer testimony—crack cocaine—lay opinion

The trial court did not abuse its discretion or commit plain error in a possession of cocaine case by allowing an officer to testify that the substance seized was crack cocaine even though defendant contends the testimony constituted inadmissible lay opinion, because: (1) the officer testified based on his extensive training and experience in the field of narcotics, including that he had been with the police department for eight years at the time and he had come into contact with crack cocaine between 500 and 1,000 times; and (2) the officer's testimony was helpful for a clear understanding of his overall testimony and the facts surrounding defendant's arrest.

## 5. Evidence— prior crimes or bad acts—fake names— fictitious identification card—guilty knowledge—chain of circumstances

The trial court did not commit plain error in a possession of cocaine case by allowing an officer's testimony that defendant provided fake names and possessed a fictitious identification card, because: (1) defendant denied possessing the pertinent pill bottle notwithstanding eyewitness testimony that he removed the bottle from his pocket, dropped it on the ground, and kicked it under a nearby car; (2) defendant similarly gave false information about his identity; (3) the officer's testimony was probative of defendant's guilty knowledge under N.C.G.S. § 8C-1, Rule 404(b); and (4) the testimony served the purpose of establishing the chain of circumstances culminating in defendant's arrest for possession of cocaine.

## 6. Evidence— hearsay—forensic chemist testimony—testing and conclusions passed review

The trial court did not commit plain error in a possession of cocaine case by allowing a forensic chemist to testify regarding a review of her conclusions even though defendant contends it constituted inadmissible hearsay, because: (1) assuming, without de-

STATE v. FREEMAN

[185 N.C. App. 408 (2007)]

ciding, that the testimony that her testing and conclusions passed review constituted inadmissible hearsay, the admission did not constitute fundamental error so that justice could not be done; (2) the chemist did not describe the contents of the review but simply stated her report passed; and (3) both the chemist and an officer testified without objection that the pills were cocaine.

**7. Criminal Law— instruction—interested witnesses**

The trial court did not abuse its discretion in a possession of cocaine case by denying defendant's request for a jury instruction on interested witnesses, because: (1) the requested instruction was not in writing; (2) although defendant correctly states that an officer was responsible for the destruction of much of the physical evidence prior to trial, defendant has not offered any explanation as to how the officer could be considered interested; and (3) the trial court's instruction was sufficient to ensure that the jury carefully evaluated the alleged interested witness's testimony.

**8. Drugs— possession of cocaine—instruction—State's burden of proof**

The trial court did not commit plain error in a possession of cocaine case in instructing the jury on the State's burden of proof by instructing the jury to find defendant not guilty if it did not find defendant knowingly possessed cocaine and had reasonable doubt because the jury instructions taken as a whole adequately advised the jury that the State has the burden of proving its evidence beyond a reasonable doubt.

Judge GEER concurring in part and dissenting in part.

Appeal by defendant from judgments entered 11 June 2006 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 6 June 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Edwin Lee Gavin, II, for the State.*

*Kathleen Arundell Widelski, for defendant-appellant.*

JACKSON, Judge.

George Oliver Freeman ("defendant") appeals from judgment entered upon his conviction for possession of cocaine.

STATE v. FREEMAN

[185 N.C. App. 408 (2007)]

On the evening of 11 January 2004, Officer Christopher Miller ("Officer Miller") of the Charlotte-Mecklenburg Police Department responded, along with Officers Lester and Poe, to a report of an armed robbery at the Circle K convenience store at the 2300 block of The Plaza. Officer Miller arrived within two minutes of the call, and upon pulling into the parking lot, Officer Miller observed a white Pontiac in front of the store and believed that the driver "might be a possible accomplice or a get-away driver." He then observed defendant exiting the Circle K through the front door and noted that defendant's hands were in his pockets. After the officers ordered defendant to lie down on the ground, defendant pulled his hands out of his pockets and dropped, along with his car keys, an item that looked like a pill bottle. Just before lying down, defendant kicked the bottle underneath the white Pontiac.

Officer Miller noted that no one else was near the location where the pill bottle landed, and after defendant was secured, Officer Miller recovered the pill bottle. Inside the pill bottle, Officer Miller discovered a variety of white pills and believed that two of them were crack cocaine.

In addition to the pills, Officer Miller also seized a North Carolina identification card from defendant's person. Officer Miller explained that defendant "had given various names and dates of birth as to what his true identity was. We eventually found the I.D. card with a date of birth. The I.D. card was fictitious, and through a couple of different data bases we were able to determine who he was, talk to him a little bit more, and then he told us who he was."

After conducting a brief investigation, the officers learned that no armed robbery had taken place. They placed defendant in custody on suspicion of possession of crack cocaine, and on 18 November 2004, a forensic chemist employed by the Charlotte-Mecklenburg Police Crime Lab determined that two pills recovered from the bottle were cocaine with a combined weight of 0.22 grams.

On 11 July 2006, a jury found defendant guilty of possession of cocaine, and defendant subsequently admitted his habitual felon status. The trial court sentenced defendant as a Prior Record Level VI offender to 135 months to 171 months imprisonment. Defendant gave notice of appeal in open court.

**[1]** In his first argument, defendant contends that the trial court erred in denying his motion to dismiss for failure of the State to

establish that the crime alleged occurred in the State of North Carolina. We disagree.

" 'In considering a motion to dismiss, the evidence must be considered in the light most favorable to the State and the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom.' " *State v. Elliott*, 360 N.C. 400, 412, 628 S.E.2d 735, 744 (quoting *State v. Lowery*, 309 N.C. 763, 766, 309 S.E.2d 232, 236 (1983)), *cert. denied,* —— U.S. ——, 166 L. Ed. 2d 378 (2006). At the ·close of the State's evidence, defendant made a motion to dismiss, stating "I don't believe I heard anything about jurisdiction. I heard the 2300 block of The Plaza, but I didn't hear anything about them proving that that event took place in Charlotte, Mecklenburg County." The trial court denied defendant's motion to dismiss.

"It is well settled law that an act must have occurred within the territorial boundaries of the state to be punishable as a crime in the state." *State v. Williams*, 74 N.C. App. 131, 132, 327 S.E.2d 300, 301 (1985). As this Court has explained,

> [w]here a criminal defendant challenges the theory upon which the State claims jurisdiction to try him, the question is a legal question for the court; however, where the defendant challenges the facts upon which jurisdiction is claimed, the question is one for the jury.

*State v. Dial*, 122 N.C. App. 298, 305, 470 S.E.2d 84, 88-89, *disc. rev. and cert. denied*, 343 N.C. 754, 473 S.E.2d 620 (1996).

In the case *sub judice*, defendant is correct that there was no testimony that explicitly stated the crime occurred in. Charlotte, Mecklenburg County, North Carolina. Although the evidence is circumstantial, "this factor alone does not mean that the evidence is deficient in any respect." *State v. Rick*, 342 N.C. 91, 99, 463 S.E.2d 182, 186 (1995). Rather, "circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence . does not rule out every hypothesis of innocence. The jurors must decide whether the evidence satisfies them beyond a reasonable doubt that the defendant is guilty." *State v. Tirado*, 358 N.C. 551, 582, 599 S.E.2d 515, 536 (2004) (internal quotation marks and citations omitted), *cert. denied sub nom., Queen v. North Carolina*, 544 U.S. 909, 161 L. Ed. 2d 285 (2005).

Here, defendant was indicted by a Mecklenburg County, North Carolina grand jury, and the crime was investigated and defendant

was arrested by the Charlotte-Mecklenburg Police Department. Specifically, Officer Miller testified that he was an officer with the Charlotte-Mecklenburg Police Department and was "so sworn and duly employed" when he encountered defendant on 11 January 2004. Officer Miller further testified that he was on Central Avenue, a few blocks away from the 2300 block of The Plaza, when he received the call concerning a possible armed robbery. In addition to the pill bottle, a North Carolina identification card was seized during defendant's arrest. Finally, Dee Anne Johnson, a forensic chemist employed by the Charlotte-Mecklenburg Police Crime Lab, performed the analysis on the pills, and a Charlotte-Mecklenburg police property sheet accompanied the sealed package containing the pills. Defendant did not object to any of this testimony, and when viewed as a whole, "[w]e believe the circumstantial evidence presented in this case, together with the reasonable inferences which could be properly drawn therefrom, is sufficient for the jury's consideration and determination." *Rick*, 342 N.C. at 99, 463 S.E.2d at 186; *see also State v. Drakeford*, 104 N.C. App. 298, 301, 409 S.E.2d 319, 321 (1991). Accordingly, defendant's assignment of error is overruled.

[2] Defendant next contends that the trial court erred in failing to grant his motion to dismiss due to insufficiency of the evidence. Defendant, however, has failed to preserve this question for appellate review.

"In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make." N.C. R. App. P. 10(b)(1) (2006). At the close of the State's evidence, defendant made a motion to dismiss, arguing, "*I don't believe I heard anything about jurisdiction.* I heard the 2300 block of The Plaza, but I didn't hear anything about them proving that that event took place in Charlotte, Mecklenburg County. *Other than that, I don't wish to be heard.*" (Emphases added). After denying the motion, the trial court asked if defendant wished to present evidence. Defendant responded, "Your Honor, we will rest and renew our Motion to Dismiss." Defendant's motions to dismiss were based *specifically* on his contention that the State failed to prove that the crime alleged occurred in North Carolina. Defendant's motion to dismiss was not based on insufficiency of the evidence in general. "This Court will not consider arguments based upon matters not presented to or adjudicated by the trial court." *State v. Forte*, 360 N.C. 427, 438, 629 S.E.2d 137, 145 (quoting *State v. Haselden*, 357 N.C. 1, 10, 577

S.E.2d 594, 600, *cert. denied*, 540 U.S. 988, 157 L. Ed. 2d 382 (2003)), *cert. denied*, —— U.S. ——, 166 L. Ed. 2d 413 (2006). Accordingly, this issue is not properly before this Court, and we dismiss defendant's assignment of error.

**[3]** Defendant further argues that his sentence is grossly dispropor- tionate to the severity of the crime and violates the Eighth Amendment prohibition against cruel and unusual punishment. Defendant did not object at trial, however, and "constitutional argu- ments will not be considered for the first time on appeal." *State v. Chapman*, 359 N.C. 328, 360, 611 S.E.2d 794, 819 (2005). Although defendant assigns plain error to this issue, it is well-settled that "plain error analysis applies only to instructions to the jury and evidentiary matters." *State v. Greene*, 351 N.C. 562, 566, 528 S.E.2d 575, 578, *cert. denied*, 531 U.S. 1041, 148 L. Ed. 2d 543 (2000). Defendant has failed to preserve his Eighth Amendment argument, and we dismiss defend- ant's assignment of error.

**[4]** Defendant also contends that the trial court committed plain error in allowing Officer Miller to testify that the substance seized was crack cocaine on the grounds that the testimony constituted inadmissible lay opinion. We disagree.

Pursuant to Rule 701 of the North Carolina Rules of Evidence, "[i]f the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or infer- ences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the deter- mination of a fact in issue." N.C. Gen. Stat. § 8C-1, Rule 701 (2005). "As long as the lay witness has a basis of personal knowledge for his opinion, the evidence is admissible." *State v. Bunch*, 104 N.C. App. 106, 110, 408 S.E.2d 191, 194 (1991) (holding that an officer's testi- mony concerning practices of drug dealers was admissible lay opin- ion as it was based on personal knowledge and helpful to the jury).

Officer Miller testified that two of the pills in the pill bottle seized during defendant's arrest were crack cocaine and that he based his identification of the pills as crack cocaine on his extensive training and experience in the field of narcotics. Officer Miller, who had been with the police department for eight years at the time, testified that he had come into contact with crack cocaine between 500 and 1000 times. As Officer Miller's testimony on this issue was helpful for a clear understanding of his overall testimony and the facts surround- ing defendant's arrest, the trial court did not abuse its discretion,

much less commit plain error, in permitting Officer Miller to testify as to his opinion that the pills were crack cocaine. Defendant's argument, therefore, is overruled.

**[5]** Additionally, defendant argues that the trial court committed plain error in allowing Officer Miller's testimony that defendant provided fake names and possessed a fictitious identification card on the grounds that such testimony was inadmissible pursuant to Rule 404(b) of the North Carolina Rules of Evidence. We disagree.

Although "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith," Rule 404(b) also provides that such evidence "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005). It is well-settled that Rule 404(b) is a general rule of inclusion of relevant evidence of a defendant's other crimes or acts, "subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphases in original). Therefore, "[e]vidence of other crimes committed by a defendant may be admissible under Rule 404(b) if it establishes the chain of circumstances or context of the charged crime . . . [or] serves to enhance the natural development of the facts or is necessary to complete the story of the charged crime for the jury." *State v. White*, 340 N.C. 264, 284, 457 S.E.2d 841, 853 (internal citations omitted), *cert. denied*, 516 U.S. 994, 133 L. Ed. 2d 436 (1995).

Here, defendant denied possessing the pill bottle, notwithstanding eyewitness testimony that he removed the bottle from his pocket, dropped it on the ground, and kicked it under a nearby car. Defendant similarly gave false information about his identity, as demonstrated by Officer Miller's testimony that defendant provided fake names and possessed a fictitious identification card. Such testimony was probative of defendant's guilty knowledge, one of the grounds for admissibility pursuant to Rule 404(b). Additionally, the testimony "served the purpose of establishing the chain of circumstances" culminating in defendant's arrest for possession of cocaine. *State v. Agee*, 326 N.C. 542, 550, 391 S.E.2d 171, 175-76 (1990). Accordingly, Rule 404(b) did not require exclusion of Officer Miller's testimony concerning the false names and identification card. Defendant's argument is overruled.

STATE v. FREEMAN

[185 N.C. App. 408 (2007)]

[6] Defendant next argues that the trial court committed plain error in allowing Dee Anne Johnson ("Johnson"), a forensic chemist, to testify regarding a review of her conclusions because the evidence constituted inadmissible hearsay.[1] We disagree.

After Johnson testified that she analyzed the pills and determined that they were cocaine, the following colloquy took place:

PROSECUTOR: Now, are your conclusions reviewed by anybody else?

JOHNSON: They are.

PROSECUTOR: And did you submit this testing and conclusion for review?

JOHNSON: I did.

PROSECUTOR: Did they pass review?

JOHNSON: They did.

Defendant did not object at trial, but now contends that this testimony constituted inadmissible hearsay.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005). Although hearsay generally is inadmissible, "[i]t is well settled that the erroneous admission of hearsay, like the erroneous admission of other evidence, is not always so prejudicial as to require a new trial." *State v. Locklear*, 349 N.C. 118, 149, 505 S.E.2d 277, 295 (1998) (internal quotation marks and citations omitted), *cert. denied*, 526 U.S. 1075, 143 L. Ed. 2d 559 (1999). By not objecting at trial, defendant has the "heavy burden" of demonstrating plain error. *State v. Cummings*, 352 N.C. 600, 636, 536 S.E.2d 36, 61 (2000), *cert. denied*, 532 U.S. 997, 149 L. Ed. 2d 641 (2001).

Assuming, without deciding, that Johnson's testimony that her testing and conclusions passed review constituted inadmissible hearsay, we decline to hold that the admission of this testimony constituted "*fundamental* error, something so basic, so prejudicial, so

---

1. Although defendant also contends that Johnson's testimony violated his Sixth Amendment right to confrontation, defendant has failed to offer any argument on this issue. Defendant, therefore, has abandoned this assignment of error. *See* N.C. R. App. P. 28(b)(6) (2006); *State v. Theer*, 181 N.C. App. 349, 367-68 n.5, 639 S.E.2d 655, 667 (2007).

lacking in its elements that justice cannot have been done." *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir. 1982) (emphasis in original)). Johnson did not describe the contents of the review; she simply stated her report "passed." Furthermore, both Johnson and Miller testified, without objection, that the pills were cocaine. As such, we cannot say that Johnson's testimony that her report passed review had "a probable impact on the jury's finding that . . . defendant was guilty." *Id.* (quoting *McCaskill*, 676 F.2d at 1002). Defendant has failed to demonstrate that the trial court committed plain error, and defendant's argument, therefore, is overruled.

[7] In his next assignment of error, defendant argues that the trial court erred in denying defendant's request for a jury instruction on interested witnesses. We disagree.

A request for special instructions must be in writing, entitled in the cause, and signed by counsel; otherwise, the trial court has the discretion to give or refuse such instruction. *See State v. Mewborn*, 178 N.C. App. 281, 291-92, 631 S.E.2d 224, 231, *appeal dismissed and disc. rev. denied*, 360 N.C. 652, 637 S.E.2d 187 (2006). Defendant concedes that his requested instruction was not in writing. Therefore, we review the trial court's decision under an abuse of discretion standard, and "defendant is entitled to a new trial only if there is a reasonable probability that, had the abuse of discretion not occurred, a different result would have been reached at trial." *Id.*

The pattern jury instruction for interested witnesses states:

You may find that a witness is interested in the outcome of this trial. In deciding whether or not to believe such a witness, you may take his interest into account. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence.

N.C.P.I. Crim. 104.20 (1970). When such an instruction is justified by the evidence, a trial court, upon request, must give it. *See State v. Williams*, 98 N.C. App. 68, 73, 389 S.E.2d 830, 833 (1990). When "there is nothing in the record to cast doubt upon the truthfulness and objectivity of the witness," an interested witness instruction would be inappropriate. *State v. Williams*, 333 N.C. 719, 733, 430 S.E.2d 888, 895 (1993).

In the case *sub judice*, defendant contends that Officer Miller was an interested witness because Officer Miller was responsible for the

destruction of the cocaine, the pill bottle, and the identification cards. Although defendant is correct that Officer Miller was responsible for the destruction of much of the physical evidence, defendant has offered no explanation as to how Officer Miller could be considered "interested." Defendant makes the conclusory statement that Officer Miller "was negligent in requesting the evidence be destroyed prior to trial," but defendant does not explain why or how that makes Officer Miller interested in the outcome of defendant's trial.

The trial court instructed the jury:

You are the sole judges of the credibility of each witness. You must decide for yourselves whether to believe the testimony of any witness. You may believe all or any part or none of what a witness has said on the stand. In determining whether to believe any witness, you should apply the same test of truthfulness that you apply in your everyday affairs . . . includ[ing] the opportunity of the witness to see, hear, know or remember the facts or occurrences about which they testified, the manner and appearance of the witness, any interest, bias or prejudice the witness may have, the apparent understanding and fairness of the witness, whether the witness's testimony is reasonable and whether the witness's testimony is consistent with the other believable evidence in the case.

This Court recently held that "[s]uch an instruction was sufficient to ensure that the jury carefully evaluated [the alleged interested witnesses'] testimony." *State v. Locklear*, 180 N.C. App. 115, 126, 636 S.E.2d 284, 291 (2006). Accordingly, the trial court did not abuse its discretion in denying defendant's request for the instruction, and defendant's argument, therefore, is overruled.

[8] In his final argument, defendant contends that the trial court committed plain error in instructing the jury. We disagree.

The trial court instructed the jury that

if you find from the evidence beyond a reasonable doubt that on or about the alleged date, the Defendant knowingly possessed cocaine, a controlled substance, it would be your duty to return a verdict of guilty. *If you do not so find and have a reasonable doubt*, it would be your duty to return a verdict of not guilty.

(Emphasis added). Defendant contends that the trial court unconstitutionally lowered the standard of proof by instructing the jury

that they could find defendant not guilty *only* if they (1) did not find defendant knowingly possessed cocaine and (2) had a reasonable doubt.

Although defendant acknowledges that he did not object to the instructions at trial, he nonetheless contends that the trial court's instruction constituted plain error. However, "[t]he burden upon the defendant is to show more than a possibility that the jury applied the instruction in an unconstitutional manner." *State v. Smith,* 360 N.C. 341, 347, 626 S.E.2d 258, 261-62 (2006). Further, "[w]here the instructions to the jury, taken as a whole, present the law fairly and clearly to the jury, we will not find error even if isolated expressions, standing alone, might be considered erroneous." *State v. Morgan,* 359 N.C. 131, 165, 604 S.E.2d 886, 907 (2004), *cert. denied,* 546 U.S. 830, 163 L. Ed. 2d 79 (2005).

In the case *sub judice,* the jury instructions taken as a whole adequately advise the jury that the State has the burden of proving its evidence beyond a reasonable doubt. *See Morgan,* 359 N.C. at 163-64, 604 S.E.2d at 906 ("Moreover, the trial court unquestionably instructed the jury correctly elsewhere as to the burden of proof."). At the beginning of the jury instructions, the trial court advised the jury that defendant pled not guilty and that

> when a defendant pleads not guilty he is not required to prove his innocence, he is presumed to be innocent. *The State must prove to you that the Defendant is guilty beyond a reasonable doubt.* A reasonable doubt is a doubt based on reason and common sense arising out of some or all of the evidence that has been presented or the lack or insufficiency of the evidence, as the case may be.

(Emphasis added). Later, the trial court again advised the jury, "if you're not convinced of the guilt of the Defendant beyond a reasonable doubt, you must find him not guilty." When the jury instructions are viewed as a whole, it is clear that the trial court did not unconstitutionally lower the State's burden of proof. Accordingly, defendant's argument is overruled.

For the foregoing reasons, we hold that defendant received a fair trial free from prejudicial error.

No Error.

Judge CALABRIA concurs.

Judge GEER concurs in part and dissents in part in a separate opinion.

GEER, Judge, concurring in part and concurring in the result in part.

I cannot agree with the majority opinion's determination that defendant waived any claim of cruel and unusual punishment. Nonetheless, because I would hold that defendant's sentence did not violate the Eighth Amendment, I concur in the result with respect to that assignment of error. I concur fully with the remainder of the majority opinion.

I recognize that I previously authored an opinion reaching the same conclusion as the majority in this case. *See State v. McGee*, 175 N.C. App. 586, 590, 623 S.E.2d 782, 785, *appeal dismissed and disc. review denied*, 360 N.C. 542, 634 S.E.2d 891 (2006). On the other hand, I have also authored opinions reaching the merits of such an argument without considering whether the contention had been raised below. *See State v. Legrand*, 181 N.C. App. 760, 640 S.E.2d 869, 2007 N.C. App. LEXIS 380, *12-15, 2007 WL 509322, *5 (2007) (unpublished); *State v. McCleave*, 161 N.C. App. 349, 588 S.E.2d 585, 2003 N.C. App. LEXIS 2064, *5-6, 2003 WL 22705376, *2-3 (2003) (unpublished).

Upon further reflection and in light of the flurry of decisions under *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), in which Sixth Amendment issues relating to sentencing were addressed regardless whether raised below, I believe this issue is controlled by the Supreme Court's decision in *State v. Canady*, 330 N.C. 398, 410 S.E.2d 875 (1991). In *Canady*, the Supreme Court held that Rule 10(b)(1) of the Rules of Appellate Procedure did not preclude a defendant from challenging on appeal a trial court's finding of an aggravating factor despite a failure to object to the finding before the trial court. The Court explained:

[Rule 10(b)(1)] does not have any application to this case. It is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal. The purpose of the rule is to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal.

*Id.* at 401, 410 S.E.2d at 878.

In short, in *Canady*, the Supreme Court distinguished between matters occurring "at trial" and matters occurring during "sentencing." This Court has since repeatedly applied *Canady* to reject contentions that a challenge to a sentence on appeal is precluded by a failure to object below. *See, e.g, State v. Chivers*, 180 N.C. App. 275, 278, 636 S.E.2d 590, 593 (2006) ("Our Supreme Court has held that an error at sentencing is not considered an error at trial for the purpose of Appellate Rule 10(b)(1)."), *disc. review denied*, 361 N.C. 222, 642 S.E.2d 709 (2007); *State v. Curmon*, 171 N.C. App. 697, 704, 615 S.E.2d 417, 422-23 (2005) ("[D]efendant was not required to object at sentencing to preserve this issue for appellate review."); *State v. Hargett*, 157 N.C. App. 90, 92, 577 S.E.2d 703, 705 (2003) ("Our Supreme Court has held that an error at sentencing is not considered an error at trial for the purpose of N.C. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure.").

This principle has further been applied to permit review of constitutional issues arising out of sentencing such as those governed by *Blakely. See, e.g., State v. McQueen*, 181 N.C. App. 417, 420-21, 639 S.E.2d 131, 133, *appeal dismissed and disc. review denied*, 361 N.C. 365, —— S.E.2d —— (2007); *State v. Harris*, 175 N.C. App. 360, 362-63, 623 S.E.2d 588, 590, *vacated in part on other grounds*, 361 N.C. 154, —— S.E.2d ——, *disc. review denied*, 361 N.C. 174, 641 S.E.2d 308 (2006). I see no meaningful basis for distinguishing *Canady* or the host of cases arising out of *Blakely*.

As recognized in *Canady*, the requirement of an objection to a sentence is not consistent with "the way our judicial system works." *Canady*, 330 N.C. at 402, 410 S.E.2d at 878. Whether a defendant were to challenge a finding of fact encompassed in the sentence, as in *Canady*, or the sentence as a whole, as here, it would be an odd requirement—"a near impossibility" according to *Canady, id.*—to insist upon an objection "after a trial is completed and a judge is preparing a judgment," *id.* Indeed, an Eighth Amendment challenge to a sentence could not in fact be asserted until the sentence was imposed and judgment already entered.

Moreover, such a rule would require counsel effectively to stand up and say "I object" in response to the ruling of the trial court. Our Supreme Court long ago eliminated the requirement that counsel "except" to a trial court's ruling. I see no reason to revive "exceptions," especially since the appropriate forum for objecting to a trial court's ruling is the appeal.

Although I believe that the Eighth Amendment issue is properly before this Court, I would hold that defendant has failed to demonstrate any constitutional violation. Defendant contends that the trial court erred in enhancing his sentence under the habitual felon statute because the resulting sentence was disproportionate to the crime of possessing .2 grams of cocaine.

Contrary to defendant's argument, he was not sentenced to a term of 135 to 171 months for possessing a small amount of cocaine. He received the lengthy sentence because he had attained the status of a habitual felon. "Habitual felon laws have withstood scrutiny under the Eighth Amendment to the United States Constitution in our Supreme Court and in the United States Supreme Court." *State v. Cates,* 154 N.C. App. 737, 741, 573 S.E.2d 208, 210 (2002) (citing *Rummel v. Estelle,* 445 U.S. 263, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980), and *State v. Todd,* 313 N.C. 110, 326 S.E.2d 249 (1985)), *disc. review denied,* 356 N.C. 682, 577 S.E.2d 897, *cert. denied,* 540 U.S. 846, 157 L. Ed. 2d 84, 124 S. Ct. 121 (2003); *see also State v. Quick,* 170 N.C. App. 166, 170, 611 S.E.2d 864, 867 (2005) ("[N]othing in the Eighth Amendment prohibits our legislature from enhancing punishment for habitual offenders."). Indeed, "[o]nly in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." *State v. Ysaguire,* 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983).

Defendant here fails to show that his sentence of 135 to 171 months is either "exceedingly unusual" or "grossly disproportionate" in light of his status as a habitual felon. Indeed, this Court has previously upheld a 14-year sentence for possession of a "small amount" of cocaine when the defendant was a habitual felon. *See State v. Hodge,* 112 N.C. App. 462, 468, 436 S.E.2d 251, 255 (1993). *See also State v. Hensley,* 156 N.C. App. 634, 639, 577 S.E.2d 417, 421 (holding that sentence, under habitual felon statute, of 90 to 117 months did not offend Eighth Amendment even though triggering felony involved pawning a tool for twenty dollars), *disc. review denied,* 357 N.C. 167, 581 S.E.2d 64 (2003).

Defendant directs our attention to *State v. Starkey,* 177 N.C. App. 264, 628 S.E.2d 424, *cert. denied,* —— N.C. ——, 636 S.E.2d 196 (2006). In *Starkey,* the State attempted to appeal a superior court's decision *sua sponte* granting its own motion for appropriate relief and vacating, pursuant to the Eighth Amendment, a defendant's sentence as a habitual felon for possession of .004 ounces of cocaine. Because this

Court held that the State had no right to appeal the superior court's decision and additionally refused to grant the State's petition for writ of certiorari, the Court never addressed the merits of the Eighth Amendment issue. *Starkey*, therefore, provides no authority for disturbing defendant's sentence as a habitual felon. Accordingly, given *Hodge*, I would decline to find that defendant's sentence violates the Eighth Amendment.