STATE OF NORTH CAROLINA, Plaintiff,
v.
TASHA LACHELLE McNAIR, Defendant.
No. COA07-1067
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Christine A. Goebel, for the State.
Winifred H. Dillon, for defendant-appellant.
STROUD, Judge.
On 2 May 2006, defendant was indicted by a grand jury for two counts of felonious financial transaction card theft, one count of misdemeanor financial transaction card fraud and for attaining the status of habitual felon. On 20 June 2006, the State obtained a superceding indictment for the habitual felon charge. On 31 August 2006, a jury found defendant guilty of one count of felonious financial transaction card theft. Defendant then pled guilty to attaining the status of habitual felon. The trial court sentenced defendant to an active sentence of imprisonment within the mitigated range of a minimum of 115 months and a maximum of 147 months. [ R. pp. 17-19.] Defendant appeals. Defendant's sole argument on appeal is that her Eighth Amendment right to be free from cruel and unusual punishment was violated because the sentence she received is disproportionate to her crime of financial transaction credit card theft. Defendant concedes that she made no objection on this ground at sentencing. We recently held that failure to raise such an Eighth Amendment challenge at sentencing results in waiver of the right to raise it on appeal. See State v. Freeman, ___, ___ N.C. App. ___, ___, 648 S.E.2d 876, 881 (2007), appeal dismissed, 362 N.C. 178, 657 S.E.2d 663, reconsideration denied, 362 N.C. 178, 657 S.E.2d 666 (2008).
Regardless of whether defendant properly preserved this claim for our review, we find it to be without merit. Defendant contends that a sentence of 115 to 147 months is excessive "for holding credit cards placed in her wallet by someone else without her knowledge." However, defendant's contention that she had no knowledge that she possessed the credit cards was rejected by the jury when it rendered its guilty verdict. Further, in arguing that her sentence was too severe for the credit card offense, defendant makes no allowance for the fact that she was sentenced as a habitual felon with a prior record level of V. Our Supreme Court has "reject[ed] outright the suggestion that our legislature is constitutionally prohibited from enhancing punishment for habitual offenders" based on the Eighth Amendment. State v. Todd, 313 N.C. 110, 117, 326 S.E.2d 249, 253 (1985). Accordingly, defendant's assignment of error is without merit.
No error.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).